Marvin C. BOWLING, Petitioner,

v.

BLACKWELL ZINC COMPANY, Incorporated, Own Risk, and the State Industrial Commission, Respondents.

No. 38715.

Supreme Court of Oklahoma.

Dec. 22, 1959.

See, also, 347 P.2d 1024.

James Duley, Ponca City, for petitioner.

Felix Duvall, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Marvin C. Bowling, claimant, to obtain review of an order of the State Industrial Commission denying an award of compensation, which reads, in part, as follows:

"That the claimant's claim was not filed within one year from the date of

his alleged injury for which the Statute of Limitation has run.

"That claimant did not give respondent the statutory written notice of said injury as required by Law, therefore, his claim is denied.

"It is therefore ordered that claimant's claim for compensation be and the same is hereby denied."

Claimant contends that the record shows that employer furnished claimant medical treatment in connection with the alleged injury, tolling the limitation statute, and that the employer had a written signed notice of the accident within twenty-four days after it occurred; and that, therefore, the order is not supported by any competent evidence and should be vacated.

■ The limitation statute, House Bill 612, S.L.1953, Page 430 (85 O.S.Supp. 1957 § 43), provides as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation".

It is well settled that the furnishing of medical treatment to a claimant by his employer in connection with the accidental injury is the equivalent of the payment of compensation, and tolls the statute. Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381.

According to the Form No. 3 filed by claimant, the alleged injury was sustained on July 15, 1957, when claimant slipped and fell spraddle-legged while working on a retort. In answer to the printed question, "Did you request your employer to furnish medical attention?", claimant stated: "Told them I was going to doctor." The injury alleged was "Ruptured anus and irritated hemorrhoids". Claimant testified that he first started having trouble with hemorrhoids in the year 1950, and that the origin was not connected with his work. He first went to Dr. W., company doctor, who treated him conservatively and later recommended an operation. Following the alleged injury on July 15, 1957, claimant was treated by Dr. M., a doctor of claimant's choice, and was operated by Dr. T. of Wichita, Kansas, a rectal specialist chosen by claimant, on August 14, 1957. Claimant's Form No. 3 was filed August 6, 1958, which was more than one year after the injury but less than a year after the operation and subsequent treatment by Dr. T. At pages 108 and 109 of the transcript appear copies of two Metropolitan Life Insurance claim forms for accident and sickness weekly benefits, the first part completed by claimant, the second part by employer, and the third part by the attending physician, Dr. T. and Dr. M., respectively. On each form, the doctor checked "No" after the printed question, "Did this sickness or injury arise out of patient's employment?". On the form at page 109, in the part filled out by claimant appears the date "6–2–57" after the printed question, "Date you were first disabled by this sickness or injury". Claimant received $500, apparently as a result of the above-mentioned claims. At page 114 of the transcript appears photostatic copy of check drawn by employer Blackwell Zinc Company, dated September 11, 1957, payable to Dr. T., in the amount of $108.35. In the signature portion of the check appears the following: "Blackwell Zinc Company, Inc., Hospitalization Plan Account."

The employer contends that these payments to claimant and to Dr. T. were made under the Metropolitan Life Insurance Group Policy Plan covering illnesses or non-compensable injuries, with no notice or knowledge that claimant was taking or would take the position that the alleged injury of July 15, 1957, was compensable under workmen's compensation.

■ Claimant contends that since the employer had actual notice of claimant's *accident,* and paid the doctor who treated and operated claimant, such payment was the equivalent of "payment of compensa-

tion" which tolls the statute. Claimant argues that whether or not an injury is covered under workmen's compensation is in the sole province of the State Industrial Commission to determine.

A similar contention was raised by the claimant in McBride v. B. F. Goodrich Company, Okl., 317 P.2d 728, under facts substantially identical to those in the case at hand. At page 731 of the opinion, we said:

"There is nothing in the record tending to indicate that petitioner, at the time he made his application for sick benefits under the Aetna policy, or during all the time medical treatment was furnished, contemplated filing a claim for compensation under the Workmen's Compensation Act, or that respondents were conscious or aware of the fact that petitioner intended to do so.

"It will thus be seen from the evidence that such medical treatment as was furnished petitioner was furnished to treat a disability due to general sickness rather than to accidental injury, and did not therefore toll the statute. In Sinclair Prairie Oil Company v. Stevens, 194 Okl. 109, 148 P.2d 176, 181, we said:

"'Payments made by an employer to an employee do not excuse delay in filing a claim for compensation before the State Industrial Commission, unless such payments were compensation for disability due to accidental personal injury or remuneration in lieu of such compensation.'

"In that case we further said:

"'Apparently, however, the claimant also entertained the view, which met with the approval of the State Industrial Commission, that if the payments were made for "temporary disability" which was later determined to have been due to accidental personal injury, such payments constituted "compensation" even though the company at the time the payments were made actually believed and was justified in believing in good faith that claimant's disability had no connection with any accidental injury and that it was paying purely "sick benefits" for which there was no possibility that a claim might arise under the Workmen's Compensation Act.

"'This view is untenable, yet it appears to have been the theory upon which the State Industrial Commission decided the issue. * * *.'"

We are of the opinion and hold that the finding and order of the Commission that claimant's claim was barred by the one-year statute of limitations is supported by competent evidence. In view of our conclusion, it is unnecessary to consider claimant's remaining contentions.

Order denying award sustained.