**CAPITOL STEEL & IRON CO., and Commercial Standard Insurance Company, Petitioners,**

**v.**

**Willie F. AUSTIN and the State Industrial Court, Respondents.**

**No. 46245.**

Supreme Court of Oklahoma.

March 5, 1974.

Rinehart, Cooper & Stewart, Schwoerke & Schwoerke, Oklahoma City, for petitioners.

Larry Derryberry, Atty. Gen., Oklahoma City, for respondents.

LAVENDER, Justice:

Respondent, hereafter claimant, filed claim for compensation April 10, 1972, alleging accidental injury April 29, 1971 in covered employment. Respondent answered denying occurrence of accidental injury within purview of 85 O.S.1971 § 1 et seq., and specifically denying notice of accidental injury. The trial judge found claimant had sustained accidental heart injury resulting from stress and strain, which aggravated pre-existing arteriosclerotic condition and precipitated severe heart attack. An order awarding compensation for permanent total disability made no finding relative to issue of notice under § 24, supra. This order was affirmed on en banc appeal to State Industrial Court.

After proceeding for review was perfected, procedural issues inaugurated by the parties culminated in an order, quoted in pertinent part, remanding the cause to State Industrial Court.

"* * * for the limited purpose of revision of the order of award to include a finding and decision on the issue of notice, and the State Industrial Court is invested with jurisdiction to hear additional evidence on that issue upon notice commensurate with the requirements of due process * * *."

Pursuant to this order, after further hearing April 25, 1972, the trial court modified the original order by inclusion of the following:

"That the Respondent had actual knowledge of the accidental injury sustained by the Claimant, and their knowledge is imputed to the Insurance Carrier herein, and the failure to give the statutory 30-day written Notice is excused as not being prejudicial to the rights of the said Respondent and Insurance Carrier."

The case was reinstated thereafter on this Court's docket by appropriate order.

There is no issue as to nature of disability. Medical evidence of each party agreed claimant suffered a definite coronary attack with myocardial infarction. Conflict in medical evidence as to cause and extent of injury, however, is basis for respondent's claim the award is unsupported by medical evidence. This contention evolves from respondents' interpretation of claimant's testimony, summarized hereafter, relative to physical condition and limited ability for performance of ordinary manual labor prior to injury.

Claimant, long-time employee 63 years of age, had been employed operating a cutting torch which ran on tracks, but approximately four months prior to injury had been assigned to painting and loading. This was heavy work which required lifting and guiding steel girders onto railroad cars which were pushed by hand into position under an overhead crane. Girders being loaded the day of injury weighed approximately 25 tons, and had to be anchored in place for shipment with tie-down rods and angle iron braces. Preparations for anchoring the girders necessitated claimant walking 2–3 blocks to another part of the shop and return carrying rods or angle irons weighing approximately 100 pounds.

After lunch claimant carried angle irons back to the loading area and then started into the railroad car when struck by severe pain in the right arm. Claimant stepped out of the way briefly, then started into the car again when struck by severe pain, became nauseous and began sweating profusely. Thinking this attack had worn off claimant started to the first aid room, but got only to the maintenance foreman's air conditioned office and had to sit down.

The foreman (Brazil), also a cardiac sufferer, observed claimant's condition and was advised claimant was in severe pain. Accepting Brazil's offer, claimant took two nitroglycerin tablets at five minute intervals and then was able to get to the first aid station. Having been advised claimant probably was suffering a heart attack the superintendent (McDoulett) went to first aid, inquired as to claimant's trouble, and advised against his going home. Claimant continued to suffer pain, and superintendent drove him to emergency entrance of a local hospital.

Walking alone into emergency room claimant suffered another attack and remembered nothing further. Claimant was placed under intensive care for three weeks, and remained hospitalized for six weeks. Following discharge claimant was under physician's care, required regular medication, and has been unable to work since date of injury.

Claimant's testimony relative to events following appearance in the office was corroborated by the foreman, who advised superintendent that claimant had become ill, and that superintendent took claimant to hospital. The personnel manager testified the superintendent called to advise claimant had been taken to hospital suffering from apparent heart attack. This witness also had knowledge claimant was hospitalized under intensive coronary care.

Summarized, the evidence unequivocally established the foreman's knowledge claimant probably was suffereing a heart attack. The foreman then advised the superintendent of claimant's attack. The superintendent took claimant to the hospital, and advised the personnel manager claimant has been hospitalized because of heart attack. Extended summation of circumstances surrounding claimant's attack, hospitalization and ensuing disability is necessitated by respondents' argument concerning lack of evidence to support the trial court's finding on the issue of notice.

Claimant's physician (Dr. S) stated claimant had a generalized athcrosclerotic condition throughout the body. The heart attack was precipitated by stress and strain of heavy work which aggravated preexisting atherosclerotic condition. Work precipitated the heart attack, which otherwise might not have occurred for months, or even years. Claimant was permanently and totally disabled (by the heart attack),

and any attempt to perform ordinary manual labor would be extremely dangerous.

On cross-examination Dr. S stated exact extent of pre-existing narrowing of arteries was difficult to determine. Chronic condition was apparent, and had been present a long time, although extent was clouded over by recent heart attack. Had this condition been revealed by examination prior to attack, claimant would have been considered approximately 50% disabled for performance of ordinary manual labor. Without this information claimant would not have known he was disabled, since the condition would be unknown until revealed by examination, or showed up otherwise. Medical testimony elicited on cross-examination is basis for respondents' second contention.

Respondent's physician (Dr. M), agreed claimant had suffered acute myocardial infarction. However, this doctor stated the attack was not job-related, but simply chance result which occurred during routine employment. Permanent partial disability was evaluated at 50–75% resulting primarily from arteriosclerotic heart disease, and not from particular job stress.

One proposition presented urges the award was not supported by medical testimony adduced at the hearing. Respondents first direct attention to the settled rule that where injuries are of a nature which requires testimony of skilled professional men to determine cause and extent, the question is one of science and must be determined from testimony of these persons. Chief Freight Lines v. Rine, Okl., 395 P.2d 799. From this premise respondents point to medical testimony by claimant's physician, summarized above, concerning claimant's existing disability prior to injury. Upon this basis respondents conclude State Industrial Court exercised independent judgment, in derogation of competent medical evidence of claimant's physician, which now requires either that this award be vacated, or at least modified within context of the medical testimony.

In essence, respondents' argument simply seeks apportionment of the award between non-disabling disability existing prior to injury, which contributed to the ultimate result, and the disability suffered as result of accidental injury. In Fox Smythe Trans. Co. v. McCartney, Okl., 510 P.2d 686, this question was reviewed again. Upon authority of cases cited, we reiterated that our Act, supra, does not permit apportionment of degree or extent by which pre-existing illness is augmented by illness superimposed thereon. This is categorized as a rule of reason, resting upon the proposition that the employer takes the employee as he finds him. Marlar v. Marlar, Okl., 353 P.2d 17, and cases cited. Neither this argument nor the conclusion stated are meritorious under settled decisional law.

The principle contention urges insufficiency of evidence to support the order excusing failure to give statutory notice because no prejudice resulted from failure. The issue results from authorization, extended in the order of remand, for hearing additional evidence relative to notice. Respondents' answer denied only that claimant gave notice of accidental injury. There was no allegation prejudice resulted from lack of notice, although respondents' argument on review is based upon alleged prejudice resulting from failure of notice.

Upon hearing after remand the trial court, over respondents' objection, allowed claimant to testify further concerning information imparted when claimant was advising the foreman as to onset of illness. Respondents insist this was not additional evidence, but simply an effort to correct a defect in claimant's case by revision of his original testimony, admission of which did not comport with requirements of due process and constituted material error. Because evidence adduced originally and which has already been alluded to, provided sufficient basis for trial court determination of the issue of notice, any discussion as to propriety of re-opening for further hearing, or admission of claimed

objectionable testimony becomes unnecessary.

Purpose of written notice has been reiterated innumerable times. An employer is entitled to prompt information to permit timely investigation as to nature and extent of injury, and be afforded opportunity to extend prompt medical treatment to prevent, or minimize, resulting disability. Williamson v. Grimm, Okl., 425 P.2d 992. Where written notice is not given, the burden of proof is upon claimant to show, by affirmative proof, either that notice could not have been given, or that the employer was not prejudiced by failure. When this proof has been adduced, the obligation to offer proof controverting the issue devolves upon respondent.

Thereafter, it is the duty of the trier of facts to weigh this evidence and determine whether evidentiary facts reflect sufficient basis for excusing failure to give written notice because no prejudice to the employer resulted from failure. This determination must be made from evidence which reasonably discloses prejudice did not result because failure did not prevent an opportunity to exercise the special rights reserved to an employer by the statute, supra.

At this juncture we deem it necessary to point out that "actual notice", as the term has been used in prior decisions [See Arkansas-Louisiana Gas Co. v. Blackwood, Okl. (1969) 456 P.2d 507] simply means: knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in a given case, sufficient to permit opportunity to exercise rights extended under § 24, supra. With this knowledge it is unnecessary that an injured employee precisely relate to his employer a conclusion which the latter, as a reasonable man, could have reached by considering all those circumstances of which the employer had knowledge.

Adverting to the present proceeding, respondents denied both occurrence of accidental injury *and notice* of *injury,* but did not allege prejudice resulting from failure to give written notice. Respondents' argument apparently claims knowledge of information was not imparted by claimant concerning cause and nature of injury immediately following occurrence. From this respondents insist there was no knowledge claimant's injury was job related, and failure to give written notice cannot be excused. Despite obvious defects in respondents' answer, this proceeding is determinable upon the issue whether failure of written notice prejudiced respondents.

Evidence relating to accidental injury and succeeding events is uncontroverted. Immediately following injury the foreman was advised claimant was in severe pain and observed claimant was ill. This occurred during claimant's work period. The foreman then advised the superintendent of claimant's condition, and the belief this was a heart attack. The superintendent took claimant to the hospital, and then advised the personnel manager claimant was thought to have suffered a heart attack. This witness later went to the hospital and learned claimant was under intensive coronary care. This evidence sufficiently established respondents' knowledge claimant suffered a heart attack on the job. No evidence was offered relative to inability to investigate circumstances surrounding injury, or that opportunity was lacking to procure prompt medical attention, although respondents voluntarily permitted claimant to seek medical attention.

The time, place and nature of claimant's injury were known. The only facet of evidence not shown affirmatively concerns cause of injury, although it was known claimant was involved in performance of heavy manual labor. The missing evidence was unavailable immediately following injury simply because claimant was in extremis, and unable to do more than state his feelings at the time of inquiry.

Innumerable situations can be envisioned where a lone workman might be injured accidentaly and be wholly unable to state cause of injury. See Gulf Oil Corp.

v. Kincannon, 203 Okl. 95, 218 P.2d 625. We know of no instance in which an injured workman's failure to offer definitive self-diagnosis immediately following injury has been held to defeat a claim. Where circumstances disclose happening of an unforeseen disabling event at a known time and place, while a workman is engaged in work, the nature of which can reasonably cause one to have a heart attack in the opinion of medical witnesses, an employer's knowledge of the occurrence and resulting disability provides sufficient ground for excusing failure to give written notice, because no prejudice resulted from such failure.

Award sustained.

DAVISON, C. J., and BERRY, HODGES, BARNES, SIMMS, and DOOLIN, JJ., concur.