Robert L. GOOMBI, dba Normandy 66 Service Station, and Employers Mutual Casualty Company, Petitioners,

v.

Frank William TRENT, and the State Industrial Court, Respondents.

No. 46089.

Supreme Court of Oklahoma.

Feb. 11, 1975.

Rinehart, Cooper & Stewart, Oklahoma City, for petitioners.

E. W. Keller, Oklahoma City, for respondents.

SIMMS, Justice:

Petitioners, respondents below and hereinafter referred to as respondents, bring this proceeding to review and vacate a State Industrial Court order awarding claimant compensation for permanent partial disability to the body as a whole, resulting from an accidental injury which aggravated a pre-existing back condition.

A claim for compensation was filed April 2, 1971, and alleged accidental injury sustained April 7, 1970, while claimant was bending in performance of work in a covered employment. Respondents denied hazardous nature of employment, occurrence of accidental injury or resulting disability, or that claimant gave notice of injury.

At the hearing, respondents stipulated as to employment and applicable compensation rate, but denied notice of accidental injury or request for medical treatment.

The trial judge found claimant has sustained an accidental injury consisting of aggravation of a pre-existing back condition; respondents had "actual" notice of injury and petitioner's failure to give statutory written notice required by 85 O.S. 1971, § 24, was excused because no prejudice had resulted from failure. Compensation was awarded for permanent total disability, less 40% for pre-existing disability. The court also deducted 54 weeks and one day representing temporary total disability, and entered an award for 245 weeks and one day, or $9,806.67.

On en banc appeal, State Industrial Court modified this order, finding 60% permanent partial disability to body as a whole entitled claimant to a 300 week award. As thus modified, the order was affirmed.

 Respondents advance two contentions as grounds for asking this award be vacated. Both review the evidence at length, and are predicated upon alleged insufficiency of evidence to support the trial court's findings. Determination of questions of fact rests exclusively with State Industrial Court. Findings of fact are conclusive and binding upon the Supreme Court if there is any competent evidence to support such findings. Tulsa Linen Service Co. v. Kroth, Okl.Cr., 512 P.2d 172 (1973); Howey v. Babcock & Wilson Co., Okl., 516 P.2d 821 (1973). Thus the record is examined only to ascertain whether there is any reasonable competent evidence to sustain the final award.

Relative to the issue concerning lack of notice, respondents' answer simply denied "claimant ever reported such an accident." In view of the conclusion reached, we do not determine whether this pleading satisfied State Industrial Court Rule 10 requirements concerning allegations of defensive matters, and properly presented an issue relating to presumed prejudice resulting from lack of statutory notice. See: Wood v. Osteopathic Hospital, Okl., 512 P.2d 135 (1973), concerning the necessity to allege defensive claims concerning failure of notice, and prejudice allegedly resulting from failure.

On review, respondents acknowledge awareness claimant suffered a back injury which required hospitalization and further surgery. Respondents insist these facts lack relevance, and must be recognized only as fulfillment of a self-imposed obligation to visit the sick. Further argument points to lack of written notice, and construes the evidence as unequivocally showing failure to communicate claim of a job-related accident directly to respondents prior to October, 1970, when claimant inquired about workmen's compensation. From this, respondents conclude this award must be vacated since clearly there was no statutory notice to respondents within the thirty day period granted by § 24, supra.

Proper consideration of this argument necessitates evidentiary review. Respondents knew claimant's history of back problems, and employed claimant only for performance of light work. Claimant was discovered working on an automobile water

pump, and at that time advised respondent he was going to see Dr. M. because his back was hurting. Respondent then learned claimant had been hospitalized for surgery, and visited claimant in the hospital. Following the release of claimant from hospitalization, he returned to work but quit after two weeks for further back surgery. During this two week period of employment, the matter of workmen's compensation was discussed.

Admittedly, respondent discussed claimant's condition with Dr. M. after the April 7th injury, and was advised claimant's condition was such only light work could be performed. At trial, a direct question was asked whether anything was mentioned about a back injury while claimant was working on the automobile water pump. Respondent testified claimant "had not specifically" said anything, and he was unaware of an accidental injury, although he knew claimant's back was hurting and medical attention was required.

■ Purpose of notice required under § 24, supra, is to give the employer prompt information and afford opportunity to make timely investigation concerning nature and extent of injury and provide competent medical care to prevent or minimize disability. Capitol Steel and Iron Co. v. Austin, Okl., 519 P.2d 1364 (1974).

The misnomer "actual notice" has evolved into our decisional law, although nothing in the statute, supra, provides a basis for excusing failure of statutory notice upon such ground. Undoubtedly, because of varied fact situations reflected in cases where statutory notice was not given, this term came into use by reason of trial court efforts to excuse failure of statutory notice.

In Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234 (1945), effort was made to rectify erosion of the notice statute, supra. The statutory grounds for excusing failure to give written notice were restated. In an apparent effort to correct difficulties engendered by prior decisional disposition of the notice issue upon non-statutory grounds, we said:

"* * * No authorities are cited therein that support the reasoning that the award could not be sustained because the record failed to disclose actual notice, and that actual notice was the only ground upon which there could be based a finding that the employer had not been prejudiced by a failure to give statutory written notice. * * * In this state there is no provision made for the giving of actual notice in a proceeding before the State Industrial Commission. Several of the states have statutes providing that in the event the employer had actual notice it is not necessary to give the statutory written notice. Our legislature has seen fit to adopt a different procedure."

Recognition of the problem is reflected by the dissenting opinion in Ark.-Okl. Gas Co. v. Blackwood, Okl., 456 P.2d 507 (1969).

The problem engendered by a trial court excusing failure of statutory notice because of "actual notice" was considered recently in *Austin, supra.* That decision precisely declares the meaning of "actual notice" as used in prior decisions.

"* * * knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in a given case, sufficient to permit opportunity to exercise rights extended under § 24, supra. With this knowledge it is unnecessary that an injured employee precisely relate to his employer a conclusion which the latter, as a reasonable man, could have reached by considering all those circumstances of which the employer had knowledge."

■ Events surrounding the claimant's injury and ensuing medical history have been summarized. Respondents' evidence only inferentially indicated lack of opportunity to investigate circumstances of alleged injury. Under all of the circumstances shown, even had statutory notice been given, it is unlikely respondents would have followed a different course of action in respect to opportunity to furnish medical support. Measured by our decision in

*Austin, supra,* respondents' contention this award must be vacated, by reason of prejudice resulting from failure of statutory notice, is without substantial merit.

The further argument is advanced that the award is unsupported by competent medical evidence, and also that certain medical evidence considered lacked probative value. Respondents' argument is based upon portions of the testimony presented by claimant, from Dr. H., who performed five surgeries, and from Dr. M. who gave deposition testimony on two occasions after examination of claimant.

After reviewing and detailing claimant's medical history and necessary surgeries, Dr. H. evaluated permanent partial disability as 75% to the body as a whole. This resulted from injury of April, 1970, which aggravated a pre-existing back condition. The degree of disability remained unchanged despite three surgeries performed subsequent to that injury. Dr. H. had examined and evaluated claimant in 1969 on request from Vocational Rehabilitation Authorities, and found claimant limited for ordinary manual labor, with capabilities only for light, sedentary work.

When Dr. M. first testified, disability from prior injuries was estimated at 30–40%. However, when advised of surgeries performed subsequent to examination of claimant, the physician declined evaluation of disability without further study and review of claimant's case. After further review and study of records, this physician later testified claimant was 30–40% disabled by prior injury and had suffered 60–70% permanent partial disability to body as a whole from accident of April 7, 1970. Medical records prior to that date had not been considered, and prior disability was an "abstract figure." Respondents insist this testimony lacks probative value, since there was no evidence to show percentage of disablement prior to injury in April, 1970. Respondents couple this evidence with that of Dr. H., which evaluated 75% permanent partial disability, and conclude the only evidence of probative value requires modification by reduction of the award to 25% found by Dr. H.

Complaint relative to lack of evidence is directed only to claimant's medical testimony. No reference is made to the report from respondents' doctor (Dr. M.), which report was based upon extensive history and physical examination of claimant. As of July 15, 1971, Dr. M. found claimant still temporarily totally disabled, with 50% permanent partial disability resulting from accidental injury and subsequent surgeries. Standing alone, respondents' evidence negates the claim that the only probative evidence requires modification of this award.

Admittedly, Dr. H.'s estimate of 75% permanent partial disability is lacking in preciseness. This cannot be a basis, however, for respondents' conclusion this estimate relates to prior disability and requires reduction of this award. There was evidentiary basis for Dr. M.'s evaluation of permanent partial disability which resulted from prior injuries because, in addition to the history given by claimant, there was supporting evidence showing the nature and extent of prior surgeries.

An elementary principle extends to the State Industrial Court the prerogative to accept the testimony of one expert while rejecting that of another, in whole or in part. The basic requirement is that an award of compensation be within the limits expressed by skilled experts in evaluating extent of disability. The award entered clearly was within the limits of disability resulting from accidental injury sustained on April 7, 1970, as reflected by medical evidence. Burken Oil Co. v. Notley, Okl., 488 P.2d 1277 (1971); Cassidy v. Harding, Okl., 451 P.2d 698 (1969). Also see: H. J. Jefferies Truck Line v. Grisham, Okl., 397 P.2d 637 (1964), in respect to probative value of expert testimony based upon facts contrary to other evidence.

Award sustained.

WILLIAMS, C. J., and DAVISON, LAVENDER, BARNES, DOOLIN, SIMMS, JJ., concur.

HODGES, V. C. J., and IRWIN, J., dissent.