Sam D. MOORE, Petitioner,

v.

TOM MORRIS ENTERPRISES, d/b/a
Greens Golf & Racquet Club
et al., Respondents.

No. 48194.

Supreme Court of Oklahoma.

March 2, 1976.

Rehearing Denied April 6, 1976.

A. T. Elder, Jr., Cooper, Stewart, Elder & Abowitz, Oklahoma City, for petitioner.

Milton R. Moon, Fenton, Fenton, Smith, Renwau & Moon, Oklahoma City, for respondents.

DOOLIN, Justice.

Petitioner, hereafter claimant, asks review and vacation of an order denying claims for compensation for injuries allegedly incurred in course of covered employment. The order of denial was affirm-

ed on en banc appeal to State Industrial Court.

Claimant, who had sustained knee injury from athletic endeavor in early life, began employment with respondent January 1972 as golf professional and club manager. Claimant was in charge of all activities, including supervision of other employees. In July 1973, services as golf professional ceased, but claimant continued duties of club manager. Employment terminated January 1974 because the club operation required an experienced manager. A discrepancy between the evidence, claim and order fixing October 26, 1972 as date of initial injury is unimportant.

The original claim, filed March 18, 1974, alleged injury to left knee on October 26, 1972 while participating in a tennis tournament, and reinjury during performance of manual labor while planting trees on the golf course, causing collateral ligament instability to knee. Amended claim (May 10, 1974) alleged original injury, resulting in torn cartilage and ligament of left knee, a second injury April 29, 1973 from slipping on damp kitchen floor, and further injury on an unspecified date in September 1973, while moving a tree for replanting.

Respondent's amended answer denied accidental injury or disability, alleged lack of statutory notice and prejudice resulting from failure and affirmatively alleged lack of State Industrial Court jurisdiction because claim was barred by statute of limitations, 85 O.S.1971 § 43.

An order was entered (October 9, 1974) finding claim for injury of October 26, 1972 was barred by statute of limitations, supra. And, claimant's failure to give statutory notice (§ 24) of two later injuries had prejudiced respondent and claim should be denied. This order was affirmed on en banc appeal to State Industrial Court.

No clear issue was made concerning whether participation in this recreational activity expressly or impliedly was made part of claimant's services and within course of the employment. Because deter-minable on other grounds, disposition of this proceeding expressly avoids consideration of whether claimant's initial injury resulted from job related activity, or was an integral element of employment because required by respondent. In this connection see Larson's Workmen's Compensation Law § 22.21, et seq.; *City of Oklahoma City v. Alvarado* (Okl.), 507 P.2d 535; *International Spa v. Jones* (Okl.), 525 P.2d 630.

Three propositions are advanced as grounds for vacating this order. The first insists the statute of limitations was tolled in respect to the initial injury, by respondent voluntarily furnishing medical attention. The second urges claimant's injury of September 1973, constituted an aggravation of a pre-existing condition. Third, no evidence supports the finding of prejudice resulting from lack of notice, since uncontroverted evidence established respondent's "actual" notice of the September injury. Observably, each contention and accompanying argument rests upon petitioner's interpretation of weight and value to be accorded conflicting evidence presented to State Industrial Court.

Whether claim for compensation is barred by one year limitation prescribed by § 43, supra, presents a jurisdictional question concerning which Supreme Court on review will examine and weigh the evidence and make independent findings of fact relating thereto. However, where the issue whether the statute has been tolled or waived involves a question of fact which has been heard and determined by State Industrial Court, a finding thereon will not be disturbed on review if based on reasonable competent evidence. *Dearman v. Birmingham Steel & Supply, Inc.* (Okl.), 368 P.2d 849, and cases cited.

Evidence explanatory of failure to file claim for alleged initial injury is most conflicting. Claimant's testimony was that the club bookkeeper and respondent (Morris) knew of the injury and ensuing treatment by Dr. E. E. R. Treatment was provided by the group accident insurer (Fireman's

Fund) because the bookkeeper (Buck) advised workmen's compensation would not apply because this coverage was available. Claimant was unfamiliar with workmen's compensation and relied on the other employees to report accidents. Claimant had directed Buck to file a compensation claim, and took his advice concerning applicability, assuming Buck was intelligent and had checked on the matter.

Respondent's evidence showed claimant was subordinate only to respondent (Morris) and his assistant Bradshaw, but otherwise was responsible for club management and supervision of all personnel and reporting employee accidents was claimant's responsibility. Claimant had made complaint of physical difficulty with his knee because of early football injury, although during day to day association had not mentioned accidental injury, and never reported any job related injury.

An employee of the agency handling respondent's compensation coverage had discussed with claimant on several occasions need for reporting accidents and filing of claims for injury. The insurance agency's first notice or knowledge concerning alleged compensable injury was upon receipt of claimant's Form 3 claim in March 1974.

Deposition testimony of Dr. E. E. R. disclosed the doctor had no history of accidental injury and did not relate claimant's initial treatment to an on the job injury. An initial report to respondent, dated November 20, 1972, recited early history of knee involvement during college, subsequent difficulty after participation in a tennis tournament, diagnosis of torn left medical meniscus and anticipated surgery to be performed in January 1973. Respondent first learned of this when the report was discovered in claimant's files after employment terminated.

When executing forms furnished by claimant for submitting claims for group insurance medical benefits, the physician in each instance stated treatment and surgeries (January 1973—February 1974) were not job related or possible compensation claims. Claim forms submitted for medical payment after first surgery stating disability was not employment related, were executed by claimant as general manager. After employment terminated some medical expenses remained unpaid. The doctor assisted claimant in preparation of Form 3 alleging accidental injury. Another medical report written on May 8, 1974, elaborated claimant's history and required treatment stated injury undoubtedly was incurred in tennis tournament and evaluated 50% total permanent disability to left leg. The doctor explained when group insurance claims were certified he did not know the case would cause litigation but assumed everything would be carried by private insurance.

Claimant acknowledges the limitation provision of § 43, supra, requires claim for compensation to be filed within one year following accidental injury but contends the statute was tolled because respondent voluntarily furnished medical care and treatment. Claimant asserts the evidence discloses treatment was authorized by the bookkeeper, in respondent's behalf, and was paid for by respondent's group insurance. And, whatever reason impelled respondent's decision to have claims handled in this manner should not be allowed to operate to claimant's detriment or circumvent intent of the Act. The conclusion is that medical payments of any nature provided by respondent are sufficient to toll the statute of limitations.

Decisions in *Shank v. Oklahoma Office & Bank Supply Co.* (Okl.), 387 P.2d 626 (1964) and *Capitol Steel & Iron Co. v. Austin* (Okl.), 519 P.2d 1364 (1974) are cited to support this claim. Examination of these decisions does not support either argument or the conclusion.

The issue in *Shank,* supra, was whether claim for compensation already barred by limitations was revived, where respondent authorized treatment from a physician who treated claimant after injury. An award of compensation was vacated because not subject to revivor because medical treat-

ment was given after bar of limitations had fallen. The decision in *Austin,* supra, reflects nothing supporting claimant's argument relating to medical payments which toll statute of limitations.

■ Without supporting authority, settled law declares the statutory limitation upon the right to claim compensation for accidental injury in covered employment is tolled during the time an employer voluntarily furnishes medical treatment. We are unable, however, to accept claimant's reasoning that any payment from group medical insurance carried by respondent constitutes voluntary payment of medical expenses which tolls statute of limitations. This question has been decided adversely to claimant's contention in *Cupit v. Dancu Chemical Co.* (Okl.), 316 P.2d 593 (1957); *McBride v. B. F. Goodrich Co.* (Okl.), 317 P.2d 728 (1957); *Bowling v. Blackwell Zinc Co.* (Okl.), 347 P.2d 1027 (1959).

The *Dancu* case, citing earlier decisions, pointed out the intent with which such payments were made and received was an important factor in determining whether payments were in lieu of compensation, and

"* * * of course the intent of the employer alone would not be controlling but must be considered in connection with the question whether such payments caused the employee to believe that his claim was being recognized. In the instant case neither claimant nor employer thought claimant had sustained a compensable injury. * * *"

This reasoning was applied in *McBride,* supra, in determination of the question. Thereafter, the issue again was considered in *Bowling,* supra, which involved review of an order denying compensation because barred by limitations and Syllabus 2 announced this Rule:

"Medical treatment furnished by employer for treatment of disability believed by employer in good faith to be due to sickness or noncompensable injury, pursuant to claim filed by employee under group insurance accident and sickness benefits plan, did not toll running of statute limiting time for filing of claim under Workmen's Compensation Act."

■ Although not summarized fully, the evidence has been examined at length. Within State Industrial Court adjudication holding this claim barred by limitations, there inhered the special finding no evidence disclosed the statute was tolled by medical payments made to claimant under a group insurance plan. *Special Indemnity Fund v. Beller* (Okl.), 369 P.2d 184. State Industrial Court determination this claim was barred by statute of limitations is reasonably supported by competent evidence and will not be disturbed on review. *Purdy v. Flint Steel Corp.* (Okl.), 535 P.2d 277 (1975).

No error is asserted in relation to denial of compensation for alleged injury of April 1973 for lack of notice. Two remaining contentions present argument only in relation to alleged injury of September 1973. Since this claim was denied for lack of notice which resulted in prejudice to respondent the arguments are considered only to ascertain whether State Industrial Court adjudication of this issue is supported by any reasonable competent evidence.

The principal claim asserts uncontroverted evidence shows respondent had "actual" notice of the last accident, and there was no evidence to support the finding of prejudice from lack of notice. The argument is that respondent knew the condition of claimant's knee, inquired as to medical treatment and was aware of the surgery. Thus, since there was no question concerning the surgeon's competency to administer treatment, claimant insists necessary and proper care was received with an intention to prevent or minimize disability.

Decision in *Capitol Steel & Iron Co. v. Austin,* supra, and *Goombi v. Trent* (Okl.), 531 P.2d 1363 (1975) are cited as authority for the argument. Obvious factual differences prevent recognition of principles stated in these cases as conclusive of the present case. Each decision discloses im-

mediate knowledge imparted to the employer that the injury occurred in the course of employment and was work related.

In *Austin,* supra, we considered the purpose of written notice and "actual" notice in relation to excusing lack thereof where no prejudice results from failure. In that decision we pointed out so-called "actual" notice means:

> " * * * knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in a given case, sufficient to permit opportunity to exercise rights extended under § 24, supra."

Thereafter, in *Goombi,* supra, we directed attention again to the fact "actual notice" is a misnomer and no ground for excusing lack of written notice, or a basis for determining lack of prejudice resulting from failure.

The evidence herein was not sufficient to satisfy the quoted requirements necessary to excuse lack of notice because no prejudice resulted therefrom. Respondent lacked specific information as to time and nature of alleged injury, or that this was job related. The fact claimant underwent surgeries, paid for by group insurance, was not such evidence as would necessitate initiating investigation. Simply because respondent was aware claimant was suffering disability of the knee provided no evidentiary basis which would permit respondent to exercise the rights extended under § 24. This is demonstrated amply by the fact business considerations caused claimant to decline when the physician advised ligament reconstruction and accept a lesser procedure. Opportunity to investigate nature of claimant's alleged job related injury would have dictated respondent's insistence all necessary surgery be performed initially in an effort to minimize any resulting disability.

■ State Industrial Court determined failure to give statutory notice could not be excused because respondent had been prejudiced as result of this failure. The

evidence was sufficient to support finding respondent did not have sufficient knowledge of alleged accidental injury to afford opportunity to exercise rights under the statute. State Industrial Court determined failure to give statutory notice could not be excused because respondent had been prejudiced by such failure. Adjudication of the issue concerning lack of notice is supported by reasonable competent evidence *Simmons v. Oklahoma Cement Co.* (Okl.), 394 P.2d 462, 465.

Order sustained.

All the Justices concur.