**CONOCO, INC., Petitioner,**

v.

**Alfred PHIPPS and The Workers' Compensation Court, Respondents.**

**No. 72321.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 12, 1989.

Rehearing Denied Dec. 11, 1989.

Certiorari Denied April 3, 1990.

John A. McCaleb, Oklahoma City, for petitioner.

Fred Boettcher, Ponca City, for respondents.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Petitioner contends the Workers' Compensation Court erred in holding that Respondent sustained 40% permanent partial disability as a result of injury to his heart arising out of and in the course of his employment. Petitioner contends that the claim by Respondent was barred by 85 O.S.1981 § 43.

The trial court held that the statute of limitations was tolled by the failure of the Petitioner to advise the Respondent of his right to file a claim. The Workers' Compensation Court, sitting *en banc*, modified the order of the trial court and made a specific finding that the Petitioner had actual knowledge of the circumstances surrounding the Respondent's injury and that the Petitioner was not prejudiced by a lack of written notice. As modified, the order awarding benefits was affirmed.

While working at a lathe on September 23, 1983, the Respondent felt ill. He was unsure if he reported his illness to his supervisor. A co-worker, Calvin Armstrong, was allegedly aware of the Respondent's illness. The Respondent rested a few moments and than worked the remainder of the day. He drove himself home, where he allegedly complained of feeling ill. He drove to his brother's house after dinner. While there, he again felt ill. He asked his wife to take him to the hospital. He was diagnosed as suffering a myocardial infarction and was hospitalized. Over the course of the next few months he was re-hospitalized for cardiac problems.

Following his recovery, he returned to his employment. Sometime in 1985 he had a discussion with a supervisor in which he told the supervisor he thought his 1983 heart attack had been due to stress from his employment. The supervisor did not tell him he had a right to file a workers' compensation claim.

The Respondent accepted early retirement in January, 1987. He subsequently learned that a heart attack may be a compensable event. He filed his claim for compensation on September 24, 1987.

At the time of hearing, the alleged witness to the Respondent's illness, co-worker Calvin Armstrong, was deceased. No testimony or other evidence was presented from Mr. Armstrong.

The evidence showed that the Respondent's treating physician had filed a health claim form in 1983 indicating that the illness had occurred at home, not at work. The Petitioner produced evidence it had posted notices advising injured employees of the right to file for Workers' Compensation benefits.

At the time of the Respondent's heart attack, the statute of limitations provided for a one year claims filing period. In 1985, the statute was amended to provide for a two-year limitations period. At the time of the injury, 85 O.S.1981 § 8 not only required that notice of the right to workers' compensation benefits be posted in work areas, but also provided that the statute of limitations would be tolled if an employer failed to inform an injured employee of the right to file for benefits. This statute was repealed, effective July 15, 1985.

 Whether a claim for compensation is barred by the statute of limitations presents a jurisdictional question, and this court may make an independent finding of facts on this issue. *Moore v. Tom Morris Enterprises,* 547 P.2d 966, 967 (Okl.1976). Here, as in *Moore v. Tom Morris Enterprises,* the record shows that the employer knew that the employee had a medical problem, but that the knowedge of the nexus between the injury and the workplace was lacking.

The Respondent did not notify his supervisor that he suspected a connection between his work and his heart condition until over one year after his alleged injury. His physician did not connect the cardiac condition to his employment. There was no "actual notice" of an employment-connected injury such as would put the Petitioner on notice of the duty to provide any information to the Respondent beyond that on the posted notices. *Moore v. Tom Morris Enterprises,* 547 P.2d 966, 970 (Okl.1976); *see also, Bruce v. T.G. & Y. Stores,* 672 P.2d 329 (Okl.App.1983).

 The right to benefits was fixed as of the date of injury, notwithstanding a subsequent amendment to the law. *Knott . v. Halliburton Services,* 752 P.2d 812, 813 (Okl.1988). An amendment to the statute of limitations does not operate to revive a claim which has been barred by the lapse of time. *Bodine v. Crane Carrier,* 755 P.2d 675, 676 (Okl.1988).

The Respondent alleges a compensable event in 1983. The right of the Respondent to file a claim for benefits was extinguished by the operation of the statute of limitations. No tolling of the statute of limitations has taken place. The Workers' Compensation Court was without jurisdiction to award benefits on a claim barred by the operation of law.

ORDER VACATED.

BAILEY, C.J., concurs.

HANSEN, P.J., dissents.