2007 OK CIV APP 80

### Octavio RODRIQUEZ, Petitioner,

v.

### JOHNSTON'S PORT 33, Gray Insurance Company, and The Workers' Compensation Court, Respondents.

No. 103,603.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 3, 2007.

Tenal S. Cooley, Looney, Nichols & Johnson, Oklahoma City, OK, for Johnston's Port 33 and Gray Insurance Company.

## OPINION

ADAMS, Judge.

¶ 1 Claimant Octavio Rodriquez asks us to set aside an order of the Workers' Compensation Court which dismissed his claim against Johnston's Port 33 (Employer, collectively with its insurance carrier, Gray Insurance Company) under 85 O.S.2001 § 43(B).[1] Because we agree with Claimant that the three-year period provided in § 43(B) did not begin to run until the date he last received Employer-provided medical treatment for his injury, we vacate the order and remand the case.

¶ 2 Once a workers' compensation claim has been filed, § 43(B) requires a claimant to request, in good faith, a final determination of the claim within three years of the later of the date the claim was filed or the date of last "payment of compensation or wages in lieu thereof" regarding the alleged injury. Claimant presented undisputed evidence that he received medical treatment provided by Employer on October 1, 2003. He first filed a Form 9 requesting a final determination of permanent disability on November 10, 2005, less than three years later.

¶ 3 The order and Employer's argument for dismissal rests on the faulty conclusion that the phrase "payment of compensation or wages in lieu thereof" does *not* encompass medical treatment provided by an employer. Interpreting this same statutory language, the Oklahoma Supreme Court held in *Bowling v. Blackwell Zinc Company*, 1959 OK 262, ¶ 0, 347 P.2d 1022, that "the furnishing of medical treatment to

Richard L. Peaster, Richard L. Peaster & Associates, Tulsa, OK, for Petitioner.

1. As pertinent here, this section provides:

    B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

claimant by employer in connection with the injury for which claim was filed is the equivalent of 'payment of compensation,' and is sufficient to toll the statute."

¶ 4 Employer's brief does not address *Bowling,*[2] but it does argue that the Legislature's 1977 amendment of 85 O.S.2001 § 43(A) to expressly include medical treatment furnished by the employer as a starting date of the two-year statute of limitations for filing a workers' compensation claim indicates there was no intent to include it in § 43(B).[3]

¶ 5 The Legislature must be presumed to be aware of and familiar with extant judicial construction of the statutory language construed in *Bowling. TXO Production Corporation v. Oklahoma Corporation Commission,* 1992 OK 39, 829 P.2d 964. However, it made no effort to alter this language when it adopted the 1977 amendment to § 43(A). We will not presume an intent to reject *Bowling's* construction from its silence.

¶ 6 *Bowling's* holding is also unaffected by *White v. Weyerhaeuser Company,* 1990 OK 98, 798 P.2d 623, and *Ellington v. Horwitz Enterprises,* 2003 OK 37, 68 P.3d 983, cases cited by Employer. Neither case addressed this question, and in neither case does it appear that the date of employer-furnished medical treatment was later than the date the claimant last received temporary disability compensation.

¶ 7 We are bound to follow the statutory interpretation adopted in *Bowling,* and therefore must conclude Claimant complied with the requirements of § 43(B) when he filed his Form 9 requesting a determination of permanent disability within three years of the last date Employer furnished him with medical care regarding the injury upon which his claim is based. The order dismissing his claim is vacated, and the case is remanded to the Workers' Compensation Court for further proceedings.

VACATED AND REMANDED

BELL, J., sitting by designation, concurs; MITCHELL, V.C.J., dissents.

---

2. This may not be surprising because Claimant did not cite *Bowling* either, rather relying on general principles of statutory construction and definitions to argue that "compensation" includes an employer's payment for medical care.

3. The 1977 amendment made no change in the practical application of § 43(A) because it had long been held that the voluntary furnishing of medical care by the employer tolled the statute of limitations for filing a claim. *See Moore v. Tom Morris Enterprises,* 1976 OK 25, 547 P.2d 966.