**MULLMAN et al. v. HIRSCHLER et al.**

No. 28499.   Oct. 25, 1938.

Rehearing Denied Feb. 7, 1939.

Application for Leave to File Second Petition for Rehearing Denied Feb. 21, 1939.

S. S. Wachter and George E. Lipe, for petitioners.

Albert C. Hunt, N. J. Futoransky, C. W. Clift, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, C. J. This is an original action to review an award of the Industrial Commission entered in favor of Chris Hirschler, hereinafter referred to as claimant, against O. E. Mullman, doing business as Mullman Brothers, hereinafter referred to as respondent.

On August 16, 1937, claimant, while employed by respondent, sustained an injury to his back. On December 7, 1937, a stipulation and receipt was filed showing that the period of temporary total disability was terminated on November 7, 1937, and that compensation had been paid to that date. On December 17, 1937, there was filed a "motion to determine extent of disability and to award lump sum settlement." The recitals of the motion were that claimant had sustained permanent disability as a result of the injury above referred to and was entitled to compensation therefor. A hearing was had on the motion, and the commission entered its findings to the effect that claimant was temporarily totally disabled to the date of December 15, 1937, and was entitled to compensation to that date at the rate of $11.54 per week; that claimant had suffered a permanent partial disability; that his wage-earning capacity is now $5.31 per week or a decrease of $12 per week, the average wage of the claimant at the time of his injury having been $17.31 per week, and that claimant was entitled to compensation at the rate of $8 per week during the continuance of such disability, not to exceed 300 weeks. An award was entered in accordance with such findings.

It is urged first that the commission was without authority to enter the award for temporary total disability, since that matter was not before it; that the parties had submitted the matter to the commission on the theory that only permanent partial disability should be determined. The only authority cited in support of the proposition is the case of Mead & Phillips Drilling Co. v. Rush, 158 Okla. 265, 13 P.2d 78. In that case it was pointed out that where a case is presented on definite theories it is the duty of the commission to make findings upon the evidence offered by the parties in support of their respective theories. The award was vacated in that case because,

upon application for an award for permanent disability, the commission entered its award for temporary total disability and there was no evidence to support such award. In the instant case the evidence is sufficient to support the findings of the commission that temporary total disability extended to the date of December 15th. No particular form of pleading is required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P.2d 248.

The question of when temporary total disability and permanent partial disability exist so as to justify successive awards under the Workmen's Compensation Act, and when the one ends and the other sets in, are questions of fact for the determination of the State Industrial Commission from the evidence. The findings and award made will not be disturbed upon review by this court when there is any competent evidence reasonably supporting same. Mead & Phillips Drilling Co. v. Rush, supra. Since there was continuing disability in the instant case, a finding of the date when permanent partial disability began would automatically result in a finding when temporary total disability ended. It was incumbent upon the commission to make such finding and determination in this case, regardless of the theories of the parties and the form of the pleadings. Having made such findings, the commission properly entered its award based thereon.

It is urged that the award for permanent partial disability is not supported by competent evidence. In this connection it is pointed out that the award was made under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. Stat. Ann. sec. 22, fixing the compensation at "sixty-six and two-thirds per centum of the difference between the average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise. * * *" It is urged that the finding of the commission that claimant's present wage-earning capacity is $5.31 per week is arbitrary and not supported by any evidence. It was claimant's testimony that he had been unable to do any work since the date of the accidental injury, since he suffered pain when compelled to stand on his feet. It was the testimony of his medical witness that his disability was from 15 to 20 per cent. Other evidence is corroborative of claimant's own testimony regarding his inability to stand on his feet for long

periods of time. It is noted that the award of the commission was for $8 per week, the minimum award that could have been made under the facts in this case. Subsection 5, section 13356, O. S. 1931, 85 Okla. Stat. Ann. sec. 22. In the light of all the record facts involved herein, the award is amply sustained by competent evidence. See Staas v. Rogers, 166 Okla. 72, 26 P.2d 206.

The award is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.