Violet V. WOOD, Petitioner,

v.

**OKLAHOMA OSTEOPATHIC HOSPITAL et al., Respondents.**

No. 45916.

Supreme Court of Oklahoma.

June 26, 1973.

Harry V. Rouse, Tulsa, for petitioner.

Covington, Gibbon & Poe by A. M. Covington, Tulsa, for respondents.

BERRY, Justice.

Petitioner filed claim for compensation on July 12, 1971, alleging an accidental back injury occurred July 26, 1970, while lifting a patient during course of duties as an aide in respondent hospital. Respondent answered by general denial, and specifically denied engagement in hazardous employment within the Act, 85 O.S.1971 § 1 et seq., injury within course of employment, or disability attributable to accidental injury. The respondent did not plead lack of notice.

Upon hearing the parties stipulated respondent carried a Workmen's Compensation policy of insurance, and was estopped to deny petitioner was in hazardous employment. The case was heard only as to temporary total disability, involving questions of fact relating to alleged accidental injury and ensuing disability from date of injury.

The trial judge [February 16, 1972] entered the following order denying compensation:

"That claimant filed a Form-3 or Employee's First Notice of Injury and Claim for Compensation, alleging a back injury on July 26, 1970. That Claimant failed to give actual notice of said accidental injury to said Respondent and failed to give the thirty-day statutory written notice of said injury to respondent.

"That Claimant's failure to give actual notice of said injury and failure to give thirty-day statutory written notice of said injury did prejudice the substantial rights of respondent and insurance carrier, and claimant's claim for benefits under the Workmen's Compensation Law is hereby denied."

On appeal en banc this order was affirmed by divided vote, and this proceeding for review was initiated.

The sole issue concerns propriety of the order denying compensation for failure to give written notice required by 85 O.S.1971 § 24, and finding failure to give actual no-

tice of injury prejudiced substantial rights of respondents.

■ Petitioner seeks vacation of the order upon grounds statutory notice is not jurisdictional and, absent presentation of an issue as to lack of notice, the trial court is not required to make a finding thereon. Since adoption [Sec. 8, Art. 2, c. 246, S.L. 1915] [Sec. 7282, C.O.S.1921] the notice provision of the Act, supra, has been held not jurisdictional. Consolidated Fuel Co. v. Ind. Comm., 85 Okl. 112, 205 P. 170. Because not jurisdictional, failure to give notice cannot be set up as a defense in absence of placing such question in issue.

Respondent relies upon Simmons v. Okla. Cement Co., Okl., 394 P.2d 462, as presenting an almost perfectly analogous situation to the present case. That decision does not support respondent's argument. In that case the answer specifically alleged lack of notice and resulting prejudice to the employer, and evidence as to lack of actual notice was held sufficient to negate claim of verbal notice. In the present case respondent did not plead lack of notice.

■ Matters asserted by respondents in defense of petitioner's claim are mentioned above. State Industrial Court Rule 10 requires all defensive matters other than nature and extent of disability to be raised in the answer filed. Where no issue is presented concerning failure to give notice, it is unnecessary for State Industrial Court to make any order or recital excusing failure to give notice. Protho v. Nette, 173 Okl. 114, 46 P.2d 942; Pine Valley Lbr. Co. v. Robinson, 182 Okl. 234, 76 P.2d 1048. This rule evolves from requirement that State Industrial Court must make specific findings of ultimate facts responsive to issues raised, as well as conclusions of law upon which an order rests. Flint Const. Co. v. Woods, Okl., 425 P.2d 995. Where an issue is raised as to lack of written notice a finding must be made excusing failure to give notice before an award can be entered. Santa Fe Trailways Trans. Co. v. Marshall, Okl., 391 P.

2d 784. Where no defensive issue concerning lack of notice is asserted any order or recital excusing failure, or refusing to excuse failure, is both unnecessary and outside the ultimate facts responsive to the issues. Rules of pleading in State Industrial Court proceedings are very liberal, and may be relaxed where that court sees fit to do so. Dye v. Ed Johnston Grain Co., Okl., 319 P.2d 1004, and cases cited. However, where an allegation of fact is not denied, or put in issue, the fact is presumed to exist. Crutchfield v. Bogle, Okl., 270 P.2d 640. On this basis lack of issue as to notice provided basis for the presumption notice was given.

Order vacated and cause remanded to State Industrial Court with directions to proceed in accordance with views herein expressed.

All Justices concur.