**OKLAHOMA CITY, a municipal corporation, Petitioner,**

v.

**Johnny ALVARADO and the State Industrial Court, Respondents.**

**No. 46728.**

Supreme Court of Oklahoma.

June 11, 1974.

Walter M. Powell, Municipal Counselor, David T. Ingram, James F. Robinson, R. Thomas Lay, Asst. Municipal Counselors, Oklahoma City, for petitioner.

Buck, Crabtree, Groves & Ransdell by Joanna S. Sepkowitz and Robert R. Buck, and Larry Derryberry, Atty. Gen. of Oklahoma, Oklahoma City, for respondents.

BARNES, Justice:

This proceeding involves further review of a cause considered heretofore. City of Oklahoma City v. Alvarado, Okl., 507 P.2d 535. Factual background reflecting issues adjudicated are stated therein and need not be repeated. Pursuant to directions for remand, State Industrial Court set the cause for hearing and determination of the issue whether petitioner, herein respondent, had been prejudiced by reason of claimant's failure to give statutory written notice of injury required under 85 O.S.1971, § 24.

The matter was heard April 9, 1973, at which time counsel were afforded opportunity to present additional evidence. Both parties declined further presentation and agreed this cause should stand submitted upon the record made originally. Thereafter the trial judge found respondent had "actual notice" of injury and was not prejudiced by claimant's failure to give statutory written notice, and re-entered the order for compensation. This order was affirmed by State Industrial Court en banc and respondent perfected this proceeding for review.

The ground for review asserts State Industrial Court abuse of discretion in failing to dismiss this claim, in view of undisputed evidence showing respondent was prejudiced by claimant's failure to give notice of injury within 30 days. Supporting argument is a reiteration of evidence that claimant made no statement or report of injury to a superior, and the only knowledge imparted to respondent's attorney concerned a 1964 job-related injury. Without regard to other matters which created a conflict in evidence concerning this issue, respondent unequivocally declares claimant's assertions as a biased wit-

ness, even if true, do not rise to the dignity of "actual notice," and respondent's evidence clearly shows claimant did not recall a job-related injury until after surgery.

From this, respondent urges claimant's uncorroborated testimony, if true, did not rise to dignity of notice, and failed to discharge the burden of showing lack of prejudice. Insisting the evidence undeniably showed prejudice resulting from failure of notice, and upon authority of earlier decisions, respondent concludes applicable law requires this award be vacated, and the cause dismissed. Norman Steam Laundry v. State Industrial Commission, 160 Okl. 107, 16 P.2d 92; Wirt Franklin Petroleum Corp. v. Wilson, 164 Okl. 129, 23 P.2d 644; Greis v. Rounsiville, 173 Okl. 189, 46 P. 2d 905.

■ A settled principle of decisional law declares the issue whether failure to give statutory written notice of injury has resulted in prejudice to an employer presents a question of fact. State Industrial Court determination that failure to give this notice should be excused will not be disturbed on review where reasonably supported by any competent evidence. Quality Materials Company v. Payne, Okl., 405 P.2d 51.

■■ Statutory written notice under § 24 is a mandatory prerequisite to claim for compensation. Meaning and intention of the statute is a settled question. Purpose of the statute simply is to afford an employer prompt information in order to allow timely investigation of injury and extend opportunity to provide prompt medical treatment to ameliorate injury or possible disability. Capitol Steel & Iron Co. v. Austin, Okl., 519 P.2d 1364.

■■ Absent notice of injury, a claim for compensation must fail unless State Industrial Court specifically excuses failure for either reason stated in the statute, one of which is that an employer was not prejudiced by failure to receive notice. An employer's knowledge is a factor in determining whether prejudice did, or did not,

result from such failure. This was explained most recently in Austin, supra, wherein we stated the term means:

" * * * knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in a given case, sufficient to permit opportunity to exercise rights extended under § 24, supra. With this knowledge it is unnecessary that an injured employee precisely relate to his employer a conclusion which the latter, as a reasonable man, could have reached by considering all those circumstances of which the employer had knowledge."

■ Respondent's argument simply urges, even should claimant's evidence be believed, information imparted to his superior concerning injury did not rise to dignity of "actual notice" and respondent undeniably was prejudiced. This claim of prejudice lacks merit in view of conflicting evidence as to whether any knowledge or information relating to injury was conveyed to respondent. Where evidence of such knowledge is introduced, and the Industrial Court finds respondent had knowledge of claimant's injury, then it becomes respondent's obligation to offer proof of prejudice from claimant's failure to give notice. Other than claiming prejudice, respondent offered no evidence to show the course of action followed and medical treatment secured after September 30, 1969, was prejudicial in any respect. Quality Materials Company v. Payne, supra.

Supreme Court does not weigh evidence on review, but will examine the record only to ascertain whether a questioned finding is supported by any reasonable competent evidence. Howey v. Babcock & Wilcox Co., Okl., 516 P.2d 821. Extended evidentiary summation is unnecessary, other than brief reference to matters which reflect presence of reasonable competent supporting evidence. Respondent knew claimant's history of back trouble following 1958 injury, continuing intermittent

difficulties thereafter, and prolonged hospitalization as result of 1964 job-related injury. Following discharge from that treatment claimant had further back problems. Although respondent's doctors advised there was nothing wrong with his back, it was necessary for claimant to seek treatment from Dr. E. on several occasions.

Following last injury claimant reported to Dr. E. for treatment, and advised his superior of this fact. Approximately two weeks following injury, Dr. E. hospitalized claimant for nine days, and this fact was known to respondent. Despite continued complaints and knowledge claimant was under treatment, a superior sent claimant to the department head. The chief directed claimant to respondent's attorney, who interviewed claimant at length, advised respondent would pay expenses if this was on-the-job injury, and arranged for claimant to undergo surgery by physicians [Drs. B. & M.] selected and paid by respondent.

█ Gist of respondent's argument is that no "actual notice" of injury was received until claim was filed [November 20, 1970], and medical treatment was provided under belief injury resulted from 1964 accident. Thus, it is urged, claimant's conduct precluded attempt to investigate prior events and ascertain truth of facts surrounding alleged injury, with prejudice necessarily resulting.

This argument is unpersuasive. At the very least, evidence mentioned reasonably discloses that shortly following claimant's injury respondent had sufficient knowledge of circumstances to provoke exercise of rights reserved under § 24, supra. Capitol Steel & Iron Co. v. Austin, supra. State Industrial Court determination that no prejudice resulted from failure to file written notice is supported by reasonable competent evidence.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.