B. K. DANIEL MOTOR COMPANY and
United States Fidelity and Guaranty
Company, Petitioners,

v.

Charles A. WASHINGTON and State Indus-
trial Court of the State of Oklahoma,
Respondents.

No. 46929.

Supreme Court of Oklahoma.

Dec. 3, 1974.

Harry R. Palmer, Sr. and Milton R. Moon, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

Joanna S. Sepkowitz of Buck, Crabtree, Groves & Ransdell, Oklahoma City, for respondent.

SIMMS, Justice:

Claimant filed a Form Three claim for compensation in the State Industrial Court on February 16, 1973, alleging a June 15, 1972, accidental injury to claimant's neck, head, back, and legs in a covered employment.

The employer and its insurance carrier, hereinafter referred to as respondents, admitted claimant's employment in their answer, but denied claimant sustained accidental injury arising out of and in the course of employment. Respondent's answer further denied claimant sustained any injuries arising out of employment.

As an affirmative defense, respondents denied having received statutory notice pursuant to the requirements of 85 O.S. 1971, § 24, and alleged prejudice resulted from lack of notice.

Claimant, employed as a mechanic for B. K. Daniel Motor Company when the alleged accident occurred, testified he was injured when an air compressor tank exploded in the garage where he was working. The force of the explosion allegedly threw him on his back against the concrete floor, stunning him. The foreman, then in another part of the garage, heard the explosion, came to the scene to observe the resulting damage. The foreman asked claimant if claimant wanted to go to the hospital. Claimant replied, "I told him no, I didn't want to go. I didn't think anything was wrong with me." Claimant was not told to work the rest of the day, but merely "sat around", and "couldn't have worked."

Claimant further testified he went back to work the day after the explosion and worked until November 25, 1972. During the period from the accident on June 15, until he quit work in November, claimant "started having headaches, neck and back pains", which claimant, at that time, attributed to a prior injury which resulted in the loss of his eye.

Claimant related he was with his foreman "every night after the accident until the time I left", and talked to the foreman about his complaints. According to the foreman, however, there was no discussion concerning complaints of injury being

1018

caused by the June 15 accident, and that claimant had often complained of headaches prior to the accident in question.

Claimant testified that on the morning of November 25, 1972, he was unable to get out of bed because of severe back pain. He remained in bed for a week, then went to a V.A. Hospital for treatment. X-rays were taken which resulted in a neck operation. Claimant later had back surgery for injuries he attributes to the accident, and still suffers pain in his back, arms, neck; and remains under a doctor's care for the injury.

After trial, the Judge made the following findings:

"1. That claimant sustained accidental personal injuries arising out of his employment with employer on June 15, 1972, consisting of injuries to his neck, head, back and legs.

"2. That the employer and insurance carrier suffered no prejudice by the failure of claimant to give them the 30 day statutory notice and that claimant's failure to give required statutory notice is excused.

"3. That claimant had been temporarily totally disabled from November 25, 1972, to the date of the Order (September 7, 1973) and was still temporarily totally disabled and in need of medical treatment to be provided by the employer and insurance carrier."

On appeal to the Court en banc, the trial judge's order was modified by striking the second finding, and in lieu of Paragraph 2, the Court inserted the following:

"That claimant gave statutory notice within 30 days after he discovered his condition was a result of and due to his accidental injury of June 15, 1972."

The Order on Appeal affirmed all other findings of the trial judge.

Respondents filed Petition for Review, alleging the State Industrial Court erred in its findings concerning: (1) statutorily required notice; (2) that claimant sustained an accident in the course of his employ-

ment which resulted in the alleged injuries; (3) that claimant was still temporarily disabled; and (4) the trial court orders are vague and indefinite.

The first issue is whether the Industrial Court was correct in finding the notice provisions of 85 O.S.1971, § 24 have been satisfied by claimant.

Section 24, supra, requires an injured claimant to give written notice of the injury within 30 days after its occurrence.

Before the failure to give written notice can be excused by the Industrial Court, it must be shown by the claimant either:

(1) actual notice of the accident and injury was given the employer; or,

(2) there were circumstances justifying excusing the failure to give notice within 30 days; or,

(3) no prejudice was suffered by employer or his insurance carrier as a result of the failure to give notice.

Capital Steel & Iron Co. v. Austin, Okl., 519 P.2d 1364 (1974).

It has been held by this Court that the purposes of statutory notice are:

(1) In order that the employer or insurance carrier may make a timely investigation of the cause of the accident and nature and extent of the injury, if any; and,

(2) To allow the employer to furnish prompt medical treatment to prevent or minimize the disability from the injury.

City of Ardmore v. Wickware, Okl., 297 P.2d 1088 (1956); Capitol Steel and Iron Co. v. Austin, *supra.*

Claimant first argues that the statutorily required notice was given within 30 days after he discovered his injuries were caused by the June 15, 1972 accident, in accordance with the findings of the Court en banc. Second, claimant argues that if no notice was given, claimant was excused since there was no prejudice to the employer or insurance carrier, in accordance with the findings of the trial court.

■ There is competent evidence to support a finding that even if notice was not

given within thirty days, there was no prejudice to employer or the insurance carrier. According to the claimant's foreman, an investigation of the accident was made by both the employer and the insurance carrier.

The testimony reveals the insurance carrier's investigation was to determine liability under the workmen's compensation policy. Claimant also presented medical evidence to the effect that the injuries were not worsened by the fact medical treatment was delayed until after the thirty day period. In fact, claimant's doctor testified early treatment would not have helped claimant and that an operation on the ruptured disc would have still been necessary.

■ Likewise, the finding of the Court en banc that notice was given within thirty days after claimant discovered his injuries were the result of the June 15th accident is supported by the evidence. Claimant testified he initially did not think he was injured as a result of the explosion, but that headaches he had experienced from the prior eye injury had become more frequent and more severe. He testified that when he quit work on November 25th because his back and neck were giving him trouble he also attributed to the eye injury. It wasn't until X-rays were taken of his neck and back, his neck was operated on, and a back operation was pending, that he finally decided his problems were caused by the explosion. The evidence further indicates claimant was a common laborer who did not have the background to recognize the cause of the injury to his back. It does not appear from the record unlikely that claimant somehow connected his back problems with his prior injury.

■ The employer and insurance carrier cite Swafford v. Schoeb, Okl., 359 P.2d 584 (1961), which states the statute of limitations is not tolled merely because the claimant failed to recognize the cause of his injuries. We still adhere to that rule. The statute of limitations is not involved in the case at bar.

■ Where the issue of notice is concerned, the failure to give required statutory notice may be excused. One of the circumstances justifying excusing the notice is that the injury from an accident did not become apparent until some time after the accident. Under such circumstances, the time for giving statutory notice to the employer begins to run from the time the injuries became apparent. See: Unity Drilling Co. v. Bentley, 77 Okl. 76, 186 P. 239 (1919). Larson's Workmen's Compensation Law (1973) Sec. 78.41.

■ The finding of the Court en banc that claimant gave notice within 30 days after the injury became apparent is not incompatible with the trial court finding that no prejudice resulted from the failure to give notice within 30 days of the accident. The Industrial Court is Affirmed on the issue of notice.

The employer and the insurance carrier urge error in the Industrial Court's findings that claimant sustained an accident in the course of his employment which resulted in the alleged injuries.

■ The question of whether a claimant sustained an accident resulting in injuries is one of fact. The rule governing review of questions of fact from the State Industrial Court is that if there is any competent evidence reasonably tending to support a finding that the injury of the claimant arose out of and in the course of his employment, the award based thereon will not be disturbed on review. Thomas Block Co. v. Pennokee, Okl., 477 P.2d 675 (1970).

■■ Claimant testified that he was injured as a result of the explosion and that he had no accidents off the job that could have caused the neck and back injury. Although there was evidence by the employer which indicated claimant was not as close to the explosion as he testified, the trial court was in a better position to determine the credibility of the witnesses and ascertain the truth. We will not weigh the evidence. There was competent evidence to

support the finding an accident occurred which resulted in injuries to the claimant.

 Likewise, the medical evidence offered by claimant tends to support the trial court's finding claimant is temporarily totally disabled. The report of claimant's doctor reflects claimant received the following injuries on June 15, 1972:

(1) Supraspinous sprain and strain; (2) Cervical disc; (3) Lumbar sprain and strain; (4) Unstable lumbosacral joint; (5) Disc, L4, L5, left side.

Respondent's doctor testified claimant was not in need of further medical treatment. The weight to be given conflicting medical evidence rests within the sound discretion of the Industrial Court. Republic Supply Co. v. Davis, 159 Okl. 21, 14 P.2d 222 (1932). The medical evidence reasonably supports a finding of temporary total disability, and that claimant is in need of further medical care.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and LAVENDER, BARNES and DOOLIN, JJ., concur.