George E. ANGLEN, Petitioner,

v.

E.L. POWELL & SONS, and the Workers' Compensation Court, Respondents.

No. 71479.

Supreme Court of Oklahoma.

June 11, 1991.

Arthur H. Adams, Boettcher & Ryan, Tulsa, for petitioner.

Thomas E. Steichen, William D. Perrine, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for respondent, E.L. Powell & Sons.

**PER CURIAM:**

A trial judge of the Workers' Compensation Court, after a hearing at which petitioner, George E. Anglen (Anglen), sought temporary total disability, found Anglen sustained an accidental injury arising out of and in the course of his employment, but that he had failed to give notice of his injury to respondent, E.L. Powell & Sons (Powell), within sixty days and that "claimant has failed to show this Court good cause to excuse his failure to comply" with the notice requirements of 85 O.S.Supp. 1986, § 24.2.

The Court of Appeals reversed, in part concluding the trial judge erred in his determination Anglen failed to show good cause. We previously granted certiorari. Although we do not necessarily agree with all the rationale posited by the Court of Appeals, we hold petitioner made a sufficient and adequate showing of good cause to excuse literal compliance with § 24.2. The facts as presented at trial follow.

On December 23, 1987, Anglen, a former truck driver for Powell, filed a Form No. 3 in the Workers' Compensation Court alleging he suffered a back injury in August of 1987 when he was attempting to put a tarp on the truck he was driving. At first, he thought it was just a pulled muscle, but it later caused so much pain he had to quit driving. Anglen testified the injury occurred in Dallas and he mentioned it to both Mr. Buckner, the dispatcher for Powell, and Mr. Biffel, the Safety Director for Powell when he returned to Powell's headquarters in Tulsa. Both men deny Anglen stated anything to them about an injury, and Mr. Buckner testified he had not worked for Powell since July 31, 1987, suggesting he would not have been at Powell's place of business during the involved time period. Trucker's logs indicate Anglen took a load to Dallas on August 19, 1987.

■ Anglen first argues the issue of notice of injury was improperly before the trial court because Powell failed to raise it in its answer. However, the issue was raised in Powell's Pre-Trial Stipulation, and prior to presentation of evidence, counsel for Anglen agreed it was an issue for the trial court to determine. By failing to object to the issue of notice when Powell raised it and by presenting evidence and argument upon it, Anglen waived this assertion. *See Matter of N.L.*, 754 P.2d 863, 866 (Okla.1988); *Arkansas Louisiana Gas Co. v. Cable*, 585 P.2d 1113, 1116 (Okla. 1978).

Title 85 O.S.Supp.1986, § 24.2 provides, in pertinent part, as follows:

"A. Unless an employee gives oral or written notice to the employer within sixty (60) days of the date an injury occurs or the employee receives medical attention from a licensed physician during the sixty-day period from the date an injury occurred, the claim shall be forever barred, unless, in the discretion of the trial judge, good cause is shown by the employee to the Court to excuse such failure of notice or treatment."

Prior to this enactment, the burden was generally on a claimant to show either he gave notice or his employer was not prejudiced by the failure of notice. 85 O.S.1981, § 24. The burden then shifted to the employer to prove that it was prejudiced by the claimant's failure to give notice. *Capitol Steel & Iron Co. v. Austin*, 519 P.2d 1364, 1369 (Okla.1974). Literal compliance with § 24 could, however, be excused for sufficient cause. *B.K. Daniel Motor Company v. Washington*, 530 P.2d 1016, 1019 (Okla.1974). Although the 1986 repeal of § 24 and replacement thereof with § 24.2 appears to have removed the element of prejudice from the equation, § 24.2 still allows a claim to go forward over a lack of notice argument if a claimant can show he actually gave notice within the requisite period or failure to do so is shown to be excused for good cause. Anglen asserts here he did give notice within the requisite

time period and, alternatively, if he did not his failure to do so was excused for good cause.

■ Anglen initially asserts he gave notice to representatives of Powell. The question of whether notice of injury was given is one of fact, and a decision by the trier of fact that notice was not given will not be disturbed on review where reasonably supported by competent evidence. *See Oklahoma City v. Alvarado*, 523 P.2d 1073, 1075 (Okla.1974).

■ The trial court found the accidental injury occurred on August 19, 1987. We must accept this finding of fact because it is reasonably supported by competent evidence. *Alvarado, supra.* All of Anglen's evidence to the effect he did give notice consisted of his own testimony that he orally advised representatives of Powell he had hurt his back upon his return to Tulsa from the Dallas run. This evidence was all disputed and contradicted by current and former employees of Powell. In that the evidence was disputed and contradicted the trial court's finding that Anglen did not give notice is reasonably supported by competent evidence. *Alvarado, supra.* Therefore, this proposition is without merit.

■ As noted, however, Anglen also contends, albeit alternatively, that pursuant to § 24.2, he showed good cause as to why he failed to give notice. His support for this assertion comes from his own testimony he thought he had simply pulled a muscle in his back and later he thought the pain he was experiencing was due to a kidney infection. He further contends he filed his claim shortly after learning from his doctor he had a serious back injury related to the August 1987 incident at work, rather than kidney problems. This testimony was undisputed and under our previous case law similar undisputed evidence has been held to excuse literal compliance with former § 24 and we do not believe § 24.2 changed the law in such regard.

Part of Powell's contention that no good cause was shown here is that in *McDonald*

*v. Time–DC, Inc.,* 773 P.2d 1252 (Okla. 1989) this Court rejected the argument the statute of limitations found at 85 O.S.1971, § 43, was subject to a "discovery rule" when the situation involves a single-event injury. A similar argument based on a statute of limitation analogy was made when former § 24 was in effect and rejected in *B.K. Daniel Motor Company v. Washington, supra* where we said:

> The statute of limitations is not involved in the case at bar.
>
> Where the issue of notice is concerned, the failure to give required statutory notice may be excused. One of the circumstances justifying excusing the notice is that the injury from an accident did not become apparent until some time after the accident. Under such circumstances, the time for giving statutory notice to the employer begins to run from the time the injuries became apparent.

*Id.* at 530 P.2d at 1019.

The instant case is controlled by the above stated ·rule. Initially, Anglen thought his problem was simply a muscle pull. Later he attributed the pain in his back to a kidney infection. The evidence was undisputed. Analogous facts were involved in *B.K. Daniel Motor Company v. Washington.* There a worker suffered injury after being thrown against a concrete floor by an explosion. He claimed he gave the statutory notice within the required time limit after he discovered his injuries were caused by this accident. He had earlier attributed headaches, neck and back pains to a prior injury which resulted in loss of an eye. In such circumstances we, in part, ruled failure to literally follow the notice requirement was excused. We see no principled distinction on the undisputed facts disclosed on this record.[1] Consequently, we believe the trial judge abused his discretion as to the good cause determination and such determination was not reasonably supported by competent evidence.

For the above stated reasons, the opinion of the Court of Appeals is VACATED, the decision of the Workers' Compensation Court is REVERSED and the matter is REMANDED for proceedings consistent with this opinion.

HODGES, V.C.J., and LAVENDER, DOOLIN, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs specially.

OPALA, C.J., and SIMMS and HARGRAVE, JJ., dissent.

ALMA WILSON, Justice, concurring specially:

The "notice of injury" statute in the Workers' Compensation Act substantially changed with the 1986 repeal and rewrite. The notice provision in 85 O.S.Supp.1986,

1. In his dissent Justice Simms takes the view *B.K. Daniel Motor Company v. Washington* is distinguishable because he says the injury there did not become apparent until some time after the accident, whereas here the injury was apparent at the time of the accident, but perhaps Anglen was not aware of the extent of injury. The argument appears to coincide with the attempt to make § 24.2 a second statute of limitation, something we said in *B.K. Daniel* its predecessor, § 24, was not. *B.K. Daniel* cannot be distinguished on its facts as the dissent posits. Although the claimant there did testify he did not think anything was wrong with him, the facts disclosed the force of an explosion threw him against a concrete floor, "stunning him". The definition of stun is, "to make senseless, groggy, or dizzy by or as if by a blow." WEBSTER'S NEW COLLEGIATE DICTIONARY 1148 (1979). Clearly, just as here, the claimant in

*B.K. Daniel* was aware some injury had occurred at the time of the accident. One is not stunned by being thrown against a concrete floor by the force of an explosion *without being aware some injury occurred*, although one may think it is of a slight or temporary nature, just as Anglen initially thought he had merely suffered a slight or temporary muscle pull. Further, the claimant in *B.K. Daniel* did not connect severe headaches, back and neck pain with the work-related accident until later, the same situation evident from this record, where Anglen thought his symptoms of back pain after the accident were related to a kidney problem. Thus, *B.K. Daniel* is analogous to the facts presently before us and unless we depart from the ruling there the outcome here should follow our pronouncement in that case.

§ 24.2¹ is applicable to claims for temporary disability, while the notice in repealed 85 O.S.1981, § 24² applied to any claim under the Workers' Compensation Act.

1. Title 85 O.S.Supp.1986, § 24.2, added by 1986 Okla.Sess.Laws, ch. 222, § 15, provides that the claim shall be barred unless the employer is notified of the injury or the employee receives medical treatment within sixty days. Meaning of "the claim" is clarified in the penalty provisions to be the claim for weekly temporary disability benefits due at the time of the hearing. Section 24.2 states:

> A. **Unless an employee gives oral or written notice to the employer within sixty (60) days** of the date an injury occurs or the **employee** receives medical attention from a licensed physician during the sixty-day period from the date an injury occurred, *the* claim shall be **forever barred, unless,** in the discretion of the trial judge, **good cause is shown by the employee to the court to excuse such failure of notice or treatment.** Provided, for an occupational disease or repeated trauma, notice shall be given to the employer within the statutory period for occupational disease set out in Section 43 of Title 85 of the Oklahoma Statutes. .
>
> B. If the **employer has notice** of the injury and the injury is not disputed and the insurer of the **employer does not commence weekly temporary** total disability benefit payments within the time provided for by law, the **insurer of the employer shall pay to the employee a penalty of fifteen percent (15%) of the weekly benefits due at the time of the hearing.** (Emphasis added.)

Section 24.2, was amended by 1990 Okla.Sess. Laws, ch. 283, § 12, changing (B) and adding (C) and (D), which subsections now read:

> B. If the employer has notice of the injury and the injury is not *disputed,* and **weekly temporary total disability benefit payments are not commenced within twenty (20) days** or if **subsequent installment** of **temporary total disability** benefits **is not made** within ten (10) days after it becomes due, the insurer of the employer shall pay to the employee a **penalty of fifteen percent (15%) of the unpaid or delayed weekly benefits.** This penalty may be imposed by the Court for good cause shown on a case by case basis.
>
> C. **The Administrator,** on the basis of information collected, **may ask the Court to impose the penalty** provided in subsection B of this section.
>
> D. Any penalty imposed pursuant to subsections B or C of this section shall not be reported or used for rate-making purposes. (Emphasis added.)

2. The broader language of Title 85 O.S.1981, § 24, repealed by 1986 Okla.Sess.Laws, ch. 222, § 32, did not limit the notice to temporary disability benefits. Section 24, which embraced any claim under the Workers' Compensation Act, states:

> A. **Notice of an injury for which compensation is payable under the Workers' Compensation Act shall be given to the Administrator and** to the **employer within thirty (30)** days after the injury, unless said injury be an occupational disease, in which case notice of injury shall be given to the Administrator and to the employer within eighteen (18) months from the date of last hazardous exposure or within three (3) months following the claimant's disablement to which he attributes the cause to be an occupational disease. Such notice may be given by any person claiming to be entitled to compensation, or by someone on his behalf. It shall be given to the Administrator by sending it by mail, by registered letter, addressed to the Administrator at his office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter, addressed to the employer at his or its last-known place of residence; provided, that, if the employer be a partnership then such notice be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred. **The failure to give such notice, unless excused by the Administrator either on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer, as the case may be has not been prejudiced thereby, shall be a bar to *any* claim under the Workers' Compensation Act.**
>
> B. The Administrator shall provide printed forms to be used by the injured employee.
>
> Such notice of injury to be filed by the employee with the Administrator shall be verified subject to the laws of perjury of this state and shall be styled: In re: Claim of the ____ (the name of the employee) and shall include in addition to any other requirements the following information:
>
> 1. The name and social security number of the employee;
>
> 2. The name of the employer;
>
> 3. The judicial district of the county of residence of the employee at the time of the injury;
>
> 4. The address of the principal place of business of the employer;
>
> 5. The judicial district of the county where the injury occurred; and
>
> 6. The judicial district of the county where the injured employee wants the claim docketed. .
>
> Every employer who has received a notice of injury shall file a written response within twenty (20) days with the Administrator. (Emphasis added.)

Even though this appeal is from a denial of temporary disability, the majority opinion erroneously treats 85 O.S.Supp.1986, § 24.2 as if it were a re-enactment of 85 O.S.1981, § 24, amended to extend the time to give notice and to delete the phrase relating to prejudice to the employer.

The notice provision in 85 O.S.Supp.1986, § 24.2 is a prerequisite to a claim for **temporary** disability benefits. Comparison of the language in the repealed § 24 with that in § 24.2 reveals the Legislature did far more than extend the time for notice from thirty to sixty days and delete the "no prejudice to employer" as a grounds to excuse the failure to give notice. Most significantly, 85 O.S.Supp.1986, § 24.2(A) does not require a prescribed notice to the employer **and** the Administrator of the Workers' Compensation Court as did the repealed § 24. Rather, § 24.2 requires some notice, oral or written, be given to the employer **only** or, in lieu thereof, some medical treatment for the injured employee by a licensed physician within sixty days of the injury; and in § 24.2(B) the informal notice or medical treatment requirement is expressly related to temporary total disability payments. That is, § 24.2(B) mandates that penalties shall be imposed against the employer's insurer and in favor of the employee if **temporary** disability payments are not timely commenced upon notice of the injury to the employer.

Other statutory changes enacted in the 1986 amendments support a reading of § 24.2 as imposing a notice requirement upon a claim for **temporary** total disability.[3] The notice form prescribed in repealed § 24 is now contained in 85 O.S.Supp.1986, § 26,[4] as the prescribed form to commence a claim under the Workers' Compensation Act. That is, this prescribed form is no longer required to be filed with the Administrator of the Workers' Compensation Court within the sixty day notice limitation period in § 24.2. This prescribed form is now required to invoke the jurisdiction of the Workers' Compensation Court over any claim which may be filed pursuant to the Workers' Compensation Act.[5] The two-year limitation period within which such a

---

3. General rules of statutory construction are applicable to workers' compensation statutes: 1) A statute should be construed bearing in mind the evils intended to be avoided and the remedy afforded; 2) Statutes should be construed to render the provisions consistent and harmonious and to give intelligent effect to each; and, 3) legislative intent will be presumed for the benefit of those affected and not to their injury. *AMF Tubescope Company v. Hatchel,* 547 P.2d 374, 379 (Okla.1976).

Application of these rules require judicial restriction of § 24.2 to claims for temporary disability benefits. Any other reading of § 24.2 would impose a two-tier statute of limitations hurdle on an injured worker claiming permanent disability benefits.

4. In 85 O.S.Supp.1986, § 26, the Legislature amended § 26 by adding a new subsection A. Section 26, as amended, reads, in part:

A. **The Administrator shall provide printed notice forms to be used by the injured employee. Notice of injury filed by the employee with the Administrator** shall be verified subject to the laws of perjury of this state and shall be styled: In re: Claim of the ___ (the name of the employee) and shall include in addition to any other requirements the following information:

1. The name and social security number of the employee;
2. The name of the employer;
3. The judicial district of the county of residence of the employee at the time of the injury;
4. The address of the principal place of business of the employer;
5. The judicial district of the county where the injury occurred; and
6. The judicial district of the county where the injured employee wants the claim docketed.

B. **Any time after the expiration of the first seven (7) days of disability on the part of the injured employee, a claim for compensation may be presented** to the Administrator.... (Emphasis added.)

5. Since adoption, the notice requirement in repealed § 24 has been held as non-jurisdictional. *Wood v. Oklahoma Osteopathic Hospital,* 512 P.2d 135, 136 (Okla.1973), and *McConnell v. Y.M.C.A. of Greater Oklahoma,* 515 P.2d 575, 577 (Okla.1973). Prior to the 1986 amendments, there was no prescribed form for jurisdictional pleading filed with the Workers' Compensation Court. *Mullman* at 184 Okla. 318, 87 P.2d 162 (1938). The form prescribed in repealed § 24 is now prescribed in § 26.

claim may be filed is set forth in 85 O.S. Supp.1986, § 43.[6] The notice prescribed by § 24.2 is not a condition precedent to the filing of a claim within the two-year limitation period in § 43. The notice in § 24.2 triggers the due date for payment of temporary disability benefits. Title 85 O.S. Supp.1986, § 22(5).[7]

I agree with the majority that § 24.2 is not a statute of limitations and that the time for giving notice to the employer begins to run from the time the injuries become apparent. *B.K. Daniel Motor Company v. Washington*, 530 P.2d 1016, 1019 (Okla.1974). Even though the application of § 24 was at issue in *B.K. Daniel Motor Company v. Washington*, the language pertinent to the calculation of the notice time period in repealed § 24 and § 24.2 is similar and Washington's claim was for temporary disability compensation, as in the instant case. Application of the "awareness rule" to calculate the sixty day notice time period is consistent with the statutory language in § 24.2 which requires notice within sixty days "of the date the injury occurs ..." and in § 24 which required notice within thirty days "after the injury...." In contrast, the statute of limitations, § 43, forever bars a claim unless filed within two years "after the date of the accidental injury...." The rationale applied to the limitation period in § 43 in *McDonald v. TIME–DC, Inc.*, 773 P.2d 1252 (Okla.1989) is not applicable to the different language of § 24.2, as espoused by the dissent.

This claim is for temporary and permanent disability compensation and medical payments. The matter of compensation for temporary disability from December 7, 1987 until February 9, 1988, was heard by the Workers' Compensation Court, reserving the issues of permanent disability and medical payments. The Workers' Compensation Court found "... that claimant sustained an accidental personal injury arising out of, and in the course of claimant's employment ..." and "... that claimant failed to show this Court good cause to excuse his failure to comply with 85 O.S. Section 24.2." Whereupon, the court denied "... claimant's claim for compensation ..." without any reference to the claim for permanent disability compensation. The remand will allow all compensable claims to be heard. Accordingly, I concur specially.

SIMMS, Justice, dissenting:

The opinion of the majority reverses the decision of the Workers' Compensation Court which found that petitioner failed to provide statutory notice of injury within the time constraints of § 24.2 and failed to show good cause for not providing such notice. From this, I must respectfully dissent.

The trial court determined that the accidental injury occurred on August 19, 1987, and that Anglen had not given proper notice of injury. The trial court also found that Anglen had not shown good cause for

---

**6.** This Court reconciled a conflict between now repealed § 24 and 85 O.S.1971, § 43, in *AMF Tubescope Company v. Hatchel*, 547 P.2d 374, 379–380 (Okla.1976). Application of both § 24 and § 43 to Hatchel's claim for permanent partial disability was not questioned. Facially both statutes reached claims for permanent and temporary disability benefits. 85 O.S.Supp.1986, § 43, reads in part:

A. The right to claim **compensation** under the Workers' Compensation Act **shall be forever barred unless,** within two (2) years after the date of the accidental injury or death, **a claim for compensation is filed** with the Workers' Compensation Court. Provided however, **a claim may be filed within two (2)** **years of the last payment of any compensation** or remuneration paid in lieu of compensation or **medical treatment which was authorized by the employer or insurance carrier....** (Emphasis added.)

**7.** Title 85 O.S.1981, § 22(5) and 85 O.S.Supp. 1986, § 22(5), both provide that temporary disability shall be payable on the tenth day after notice of injury. The 1981 version of § 22 stated in part: "... The first payment of temporary disability compensation shall become due on the tenth day after the employer has received notice of injury as specified in Section 24 ..." The 1986 version contains this identical language, except it refers to § 24.2.

failing to give notice. I believe that the record contains competent evidence to support each of these determinations. *Oklahoma City v. Alvarado*, 523 P.2d 1073 (Okla.1974); *Parks v. Norman Mun. Hosp.*, 684 P.2d 548 (Okla.1984).

Anglen admitted that he did not seek medical attention for the back injury within sixty days and uses this as an excuse for failing to give notice of his injury to Powell within the required time period. He testified that his failure to seek medical attention was because he thought he had simply pulled a muscle in his back and later thought that the pain was due to a kidney infection. Such reasons are not good cause excuses because Anglen was aware that some injury had occurred.

In *McDonald v. TIME–DC, Inc.*, 773 P.2d 1252 (Okla.1989), this Court rejected an argument similar to Anglen's assertion that he did not know the cause and extent of his injury until after the sixty day period had run. In *McDonald*, the claimant argued that the statute of limitations of the Worker's Compensation Act, 85 O.S.1971, § 43, does not begin to run until the claimant discovers the full extent of his injury. We disagreed, holding at page 1256 as follows:

> "Conversely, where there is a single event (like an automobile accident), the injurious occurrence itself is far from latent. Some ill effect, however trivial, will be or should be recognizable immediately.
>
> When the worker knows that a single event industrial accident has taken place, he (or she) is *charged with awareness* of its occurrence. This, in turn, raises legal awareness of compensable injury, *present or potential.* Awareness of potential injury, much like that of *immediate* harm, imposes a duty upon the worker to protect his rights by filing a timely claim." (Citations omitted) (Emphasis in original)

The rationale applied to the statute of limitations in *McDonald* equally applies to the notice requirement in the case at bar.

At the time of the injury, Anglen knew that he had sustained some harm. Indeed, he testified that he thought he had pulled a muscle and that he mentioned the injury to the dispatcher when he returned from his run. Clearly, he recognized some "ill effect, however trivial." *McDonald, supra.* He then had the affirmative duty of notifying his employer of his injury. Failing to so notify because he thought it was a minor injury is not good cause and does not excuse Anglen from the strictures of Section 24.2. Nor does waiting until a doctor fully diagnosed the injury excuse Anglen. Anglen knew he was injured, yet failed to notify Powell.

The majority places much emphasis upon my writing in *B.K. Daniel Motor Co. v. Washington*, 530 P.2d 1016 (1974), yet they miss the facts which distinguish it from the case at bar. *B.K. Daniel Motor Co.* involved an injury which "did not become apparent until some time after the accident." 530 P.2d at 1019. In fact, in that case, the claimant testified that he initially did not think he was injured from the accident. I stand by the holding therein that notice was not required until the injury had become apparent. Yet, in the case at bar, the injury became apparent at the time of the accident, and though Anglen was perhaps unaware of the extent of his injury, he still was obligated to give notice within sixty days after the accident.

Moreover, the applicable law in *B.K. Daniel Motor Co.* was § 24 which required the respondent to prove they were prejudiced by the failure of notice. As the majority herein notes, the statute which applies in this case, § 24.2, places the burden upon the claimant to prove that he either gave notice or his failure to give such notice is excused for good cause. In my opinion, the competent evidence supports the trial court's determination that Anglen failed to prove either. *Parks v. Norman Mun. Hosp., supra.*

In short, in the case at bar, the injury was manifest immediately while in *B.K. Daniel Motor Co.*, the injury did not be-

come apparent until some time after the accident. Additionally, the trial judge in *B.K. Daniel Motor Co.* weighed all the facts and found in favor of claimant, whereas, in the case at bar, the trial judge held against claimant. I believe the evidence presented in both cases supports the rulings of the respective trial judges.

I would sustain the decision of the Workers' Compensation Court.

I am authorized to state that Chief Justice Opala, and Justice Hargrave join with me in the views expressed herein.