David ROBERTS, Petitioner,

v.

ROCKWELL INTERNATIONAL, Own Risk, and the Workers' Compensation Court, Respondents.

No. 81201.

Court of Appeals of Oklahoma, Division No. 2.

Sept. 28, 1993.

Certiorari Denied Dec. 23, 1993.

J.L. Franks, Frasier & Frasier, Tulsa, for petitioner.

Ronald E. Hignight, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for respondents.

RAPP, Judge.

Petitioner, David Roberts, appeals the court en banc decision vacating the trial court's award and denying the case for lack of proper notice.

Roberts, employed by Respondent, Rockwell International, alleges he injured his back in February 1991. Roberts testified that, at the time of his injury, he did not believe his injury was serious, that both he and his initial treating physician hoped it would be a

short-term matter and that it would heal with rest and restricted activities. Believing this, he decided not to inform Rockwell of his injury because he "didn't care about it going on my record at Rockwell, as filing a claim against Rockwell." He went on to say that he knows of other employees who have filed workers' compensation claims and that the supervisors "look down on those people."[1]

Roberts received his first medical treatment for this injury in March 1991, well within the sixty-day period mandated by 85 O.S.1991 § 24.2. Roberts' last day at work was May 17 because Dr. B., the first treating physician,[2] informed him he needed to be off work. Dr. B. referred Roberts to an orthopedic surgeon, Dr. D., on May 20, 1991, who continued the prior regimen of physical therapy and medication. Dr. D. then referred Roberts to Dr. K., who performed a laminectomy and a diskectomy on Roberts in July and again in September 1991. A third surgery was performed on Roberts by yet another doctor, Dr. C., in July 1992.

Roberts has been off work continuously since May 17, 1991. His medical bills have been paid by Rockwell's group insurance plan. Additionally, Roberts was on both medical leave and short term disability from and with Rockwell's knowledge until May 1992. None of the above listed physicians have released Roberts to return to work.

On April 6, 1992, Roberts filed his Form 3.[3] Rockwell, in response, filed its Form 10, denied injury and stated it had not received notice of the injury within sixty days of its occurrence. Roberts agreed that his Form 3 filing was the first formal notice Rockwell had that his injury was work-related.

The trial court heard undisputed evidence of a co-worker who testified he observed Roberts' injury and of his continued attempts

to work. Rockwell countered this testimony with that of a company nurse who testified she had at least seven conversations with claimant in handling his employer-provided Blue Cross and Blue Shield insurance and he never mentioned his injury as being work related. However, she also admitted she never asked the cause of the injury.

The trial court ruled Roberts suffered an accidental injury to his low back arising out of and in the course of his employment; respondent had actual notice of the injury, and was not prejudiced.

Rockwell appealed to the court en banc, which held the trial court's order was contrary to law and against the clear weight of the evidence and vacated the trial court's order "for lack of proper notice."

Roberts appeals alleging there is no competent evidence supporting the court en banc's order.

■ Here, we must first recognize that the workers' compensation statutes and Act are to be liberally construed in favor of the workman. See *Special Indemnity Fund v. Bonny*, 397 P.2d 152, 154 (Okla.1964); *Parkhill Truck Co. v. Row*, 383 P.2d 203, 207 (Okla.1963).

The evidence establishes without dispute Roberts was injured on the job and the respondent admits his claim was timely filed. While initially denying an on-the-job injury, the respondent does not now dispute the injury but still maintains that the lack of statutory notice is an equitable estoppel against recovery. Thus, this matter then is to be disposed of solely on the content of 85 O.S.1991 § 24.2.[4]

> Unless an employee gives oral or written notice to the employer within sixty (60) days of the date an injury occurs *or* the employee receives medical attention from a licensed physician during the sixty-day period from the date an injury occurred, the claim shall be forever barred, unless, in the discretion of the trial judge, good cause is shown by the employee to the Court to excuse such failure of notice or treatment. (Emphasis added.)

---

1. It was established, however, that these employees were not fired.

2. Dr. B. is a chiropractor. A chiropractor is considered a licensed physician per 85 O.S.1991 § 14(D).

3. Rockwell admitted that the claim was timely filed.

4. The statutory notice requirement, 85 O.S.1991 § 24.2, states:

■ We first consider the trial court's initial finding of actual notice. A search of the record fails to reveal the respondent had either oral or written "actual notice."[5] Thus, we can agree that the court en banc, in a strict constructionist ruling, was correct in holding there was a lack of "actual notice" in the form of written or oral notice. However, for reasons herein set out, we do not agree the trial court's ruling was "contrary to law and not supported by any competent evidence."

■ The original statute, 85 O.S.1981 § 24, required written notice by the claimant to the employer and the administrator within set time limits and allowed the administrator to excuse the lack of notice upon grounds that notice could not be given or that employer or insurance carrier has not been prejudiced. The Oklahoma Supreme Court, in *Goombi v. Trent,* 531 P.2d 1363 (Okla.1975), examined this statute and there stated at 1365:

> Purpose of notice required under § 24, supra, is to give the employer prompt information and afford opportunity to make timely investigation concerning nature and extent of injury and provide competent medical care to prevent or minimize disability.

The Legislature subsequently provided a new notice statute in 1986, renumbered as 85 O.S.Supp.1986 § 24.2.[6] Subsection (A) of this new statute establishes a bar to recovery for injury under the compensation program unless within sixty (60) days of injury the claimant provides oral or written notice to the employer EXCEPT in two instances clearly spelled out in the statutory language: (1) "... the employee receives medical attention from a licensed physician during the sixty-day period ..."; or

(2) "in the discretion of the trial judge, good cause is shown by the employee to the Court to EXCUSE SUCH FAILURE OF NOTICE OR TREATMENT."[7]

The statute clearly provides that treatment begun within the sixty-day period will be and is a clear legislatively acceptable alternative to the sixty-day actual notice requirement. Here there is no question Roberts initiated treatment within the sixty-day period, and in doing so, unknowingly complied with the notice statute. *See also Anglen v. E.L. Powell & Sons,* 812 P.2d 1364 (Okla.1991).

■ Further, it is also noted that Roberts, in failing to initially report the injury because of his perception and that of his original physician that the injury was "going to be a short term deal," together with his desire to protect his record at Rockwell by not filing a workers' compensation claim against Rockwell and being looked down upon by the supervisor, established a statutorily recognized "good cause" basis for not providing notice. Establishment of good cause then permitted the trial court discretion to excuse the notice failure. This discretionary act may have been the trial court's rationale in its notice ruling. *Id.*

Thus, we find Roberts did, albeit unwittingly, comply with the requirements of the notice statute, 85 O.S.1991 § 24.2, and that the court en banc erred in its decision.

The decision of the court en banc is reversed and the matter is remanded with instructions to reinstate the decision of the trial court.

BOUDREAU, P.J., and REIF, V.C.J., concur.

---

**5.** Actual notice is defined as knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in a given case, sufficient to permit opportunity to exercise rights. *Capitol Steel & Iron Co. v. Austin,* 519 P.2d 1364, 1369 (Okla.1974).

**6.** *See supra* note 3.

**7.** This good cause shown excusal is consistent with *Black, Sivalls & Bryson, Inc. v. Coley,* 367 P.2d 1017 (Okla.1962).