2000 OK CIV APP 61

Wanda S. CUMMINGS, Petitioner

v.

ARMIN PLASTICS, OWN RISK, and The Workers' Compensation Court, Respondents

No. 93882.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 7, 2000.

John L. Harlan, Sapulpa, Oklahoma, For Petitioner.

Kimberly E. West, Andrew D. Downing, Tulsa, Oklahoma, For Respondent.

*OPINION*

Opinion by CAROL M. HANSEN, Vice-Chief Judge:

¶1 Petitioner, Wanda Cummings (Claimant), seeks review of a Workers' Compensation Court order which, among other things, denied her request for temporary total disability (TTD) benefits.

¶2 Respondent, Armin Plastics (Employer), does not dispute Claimant suffered an employment related injury to her back on August 7, 1998. Employer, in fact, paid Claimant TTD benefits August 11–31, 1998, and from September 24th through October 9th, 1998, but denied TTD benefits for the period in controversy—November 5, 1998 through July 6, 1999. As the basis for its denial of benefits, Employer asserted at trial Claimant "was offered light duty and worked light duty for a portion." The trial court denied Claimant's TTD request, and a three judge panel unanimously affirmed the trial court's order without modification. Claimant now seeks our review, contending the Workers' Compensation Court erred in denying TTD benefits.

¶3 Whether a claimant is temporarily totally disabled from the performance of labor is a question of fact for the Workers' Compensation Court. *Geary Mill. & Elevator Co. v. Andis,* 1967 OK 9, 422 P.2d 466. We will not disturb a finding of fact by the Workers' Compensation Court if it is supported by competent evidence, and not otherwise contrary to law. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548.

¶4 The following paragraph constituted the entire operative portion of the Workers' Compensation Court's order:

–4–

THAT claimant's request for temporary total disability benefits from November 5, 1998 to July 6, 1999 is denied, See *Hinton v. Labor Source,* 1997 OK CIV APP [2], 953 P.2d 358.

¶5 In *Hinton,* the Court of Civil Appeals held an employer, in order to avoid liability for temporary total disability benefits where an employee has been determined to be capable of light duties, has the burden to prove light duty was available to the employee and the employee was informed of the availability. In that case, the employer had been notified by the claimant's physician light duty would be appropriate, but there was no evidence the claimant had been advised he could go back to such work. The Court rejected the employer's argument the burden shifted to the claimant to "prove a negative, that there was no light duty available to him."

¶6 While the Workers' Compensation Court here failed to explain the applicability of *Hinton,* or to make the requisite findings of fact and conclusions of law,[1] we may reasonably presume, under the facts of this case, the court's holding is based on a finding Employer met the *Hinton* burden, as set forth above. We must look to the record to determine if that finding is supported by competent evidence. *Parks,* 684 P.2d at 552.

---

1. The procedural efficacy of the holding was not raised, but See, *Benning v. Pennwell Publishing Co.,* 1994 OK 113, 885 P.2d 652.

¶ 7 The record reflects the following facts relevant to the question in controversy. Claimant testified as to her light duty work for Employer. After her injury, Employer sent her to Dr. R., who released her to light duty work in September 1998. Dr. R. then released her to full duty on October 2, 1998. Claimant was assigned work "cutting cores", which required reaching over her head and lifting up to 30 pounds. This work increased the pain in her back. Claimant asked for different work, but was told there was none. Claimant returned to Dr. R. on November 2, 1998. Dr. R. told her there was nothing further he could do, and suggested she "look for different employment."

¶ 8 Claimant, on November 5th, went to Dr. S., a family physician, for a second opinion. She testified Dr. S. recommended light duty. Claimant further testified that after she saw Dr. S., she notified Employer of Dr. S.'s light duty recommendation by telephone. On cross-examination, Claimant stated she had talked to Paul Nieto, Employer's Director of Human Resources and Safety, about Dr. S.'s recommendation, and that she "always talked to Paul." She also stated she talked to a Caroline, at Crawford Insurance Company, about Dr. S.'s recommendation, but was told "he was not a company doctor, and they would not cover any of it." She acknowledged she had not actually presented Dr. S.'s written light duty recommendation to Employer.

¶ 9 On November 9, 1998, Claimant filed a motion for trial on a request for medical treatment by Dr. S., and certified thereon a copy of Dr. S.'s medical report had been sent, along with the motion, to Employer. Counsel for the parties met at a prehearing conference on December 31, 1998, to discuss Claimant's request for treatment by Dr. S. Treatment by Dr. S. was not authorized, but instead, on January 21, 1999, the Workers' Compensation Court appointed an independent medical examiner, Dr. G.

¶ 10 The court directed Dr. G. to make several determinations, including Claimant's TTD status. Dr. G.'s report, dated April 6, 1999, was admitted as Court's exhibit no.1. Dr. G. opined Claimant was then eligible for light duty, with listed restrictions. disabled from August 7–31, 1998, and eligible for light duty from that August 31st and continuing. The report was addressed to the Workers' Compensation Court, with copies to counsel for both parties.

¶ 11 Claimant further testified she went back to light duty work for Employer on July 6, 1999. At the time of trial on July 19, 1999, Claimant stated Employer was complying with the restrictions placed on her activities by Dr. G. Claimant does not contest Dr. G.'s opinion she was capable of light duties during the period she seeks TTD. Similarly, Employer does not argue Claimant was actually capable of full duties during that period. Both parties, in asserting their positions under *Hinton*, instead rely on arguments relating to the state of knowledge regarding Claimant's duty status, and their respective responsibilities concerning Claimant beginning light duties.

¶ 12 Claimant contends Employer should have been put on notice of her ability to do light duties by any of a series of events. The first of these events is the phone calls Claimant testified she made to Employer shortly after seeing Dr. S. Claimant was emphatic she talked to Mr. Nieto. Mr. Nieto testified Claimant had not called to inform him of Dr. S.'s light duty determination, nor had he received that information from any source. In response to the question whether Claimant had called "to say she was having difficulty doing the job", Mr. Nieto did say she had called the supervisor on duty, but not him. Thus, the evidence relating to Claimant's calls was sufficiently in conflict to justify a determination she had not made them, or that she had not related Dr. S.'s light duty determination. Where there is conflicting evidence as to a question of fact, we defer to the findings below. *Anglen v. E.L. Powell & Sons,* 1991 OK 53, 812 P.2d 1364.

¶ 13 Claimant next asserts Employer should have been put on notice of her light duty status by her Motion to Set for Trial filed November 9, 1998. We disagree. Even presuming Dr. S.'s report was attached to the motion and received by Employer, and that question is put in issue by the evidence,

the motion related only to medical treatment by Dr. S., and made no mention of Claimant's disability or duty status. The record instead reflects Claimant's disability status was not again put into question until Dr. G. was appointed independent medical examiner by order dated January 21, 1999. Dr. G. was directed to, *inter alia*, determine if Claimant was temporarily totally disabled, and if she had been so from August 7, 1998. We find nothing in the record to that point to establish by uncontradicted evidence that Employer had been put on notice of Claimant's light duty status. That changed, however, with Dr. G.'s report.

¶ 14 As noted above, Dr. G.'s report was provided to the Workers' Compensation Court, with copies to both parties, on April 6, 1999. That report clearly finds Claimant capable of only light duties from August 31, 1998, and continuing, thus covering the period for which Claimant seeks TTD. That Employer was aware of Dr. G.'s light duty determination is shown by its endorsement of Dr. G.'s report in its answer to Claimant's request for TTD. Dr. G.'s report was the only medical evidence admitted at trial for the purpose of proving Claimant's disability status. Employer disputes nothing in that report, nor does it contend it was not put on notice of Claimant's disability status thereby. In sum, there is no competent evidence Employer was unaware of Claimant's light duty status after Dr. G's report.

¶ 15 Employer concedes in its Answer Brief its ".burden to offer light duty would not arise until *after* they were made aware by a physician or the Claimant that a light duty restriction had been imposed". (Emphasis in original). By its own logic, Employer's burden to offer light duty arose when it was advised by Dr. G.'s report of April 6, 1999, that Claimant was capable of only light duty. The record shows Claimant was not offered light duty until July 6, 1999.

■ ¶ 16 Employer argues it had no duty to offer light duty though because "*Claimant had worked in such a light duty position for nearly two months following her accident*".

(Emphasis in original). This is the same argument the employer made in *Hinton.* The *Hinton* Court rejected that argument, noting that prior light duty in no way evidences the employee should have known light duty was subsequently available. The *Hinton* Court also rejected the employer's contention, where the employer is aware of the employee's change in status, the employee should have the burden of noticing the employer of that change. Even if there were such a burden, Employer admittedly was put on actual notice of Claimant's light duty status by Dr. G.'s report and could claim no prejudice. The *Hinton* Court refused to impose an employee's burden of proving the absence of light duty availability. Where a claimant cannot return to full duty, the availability of light duties is within the discretion of the employer. Therefore, it is properly the burden of the employer to affirmatively offer those light duties to the claimant. If a claimant rejects the offer of light duties, the burden then would shift to the claimant to explain the rejections.

¶ 17 There is no competent evidence of record to support the Workers' Compensation Court's denial of Claimant's request for TTD benefits between the time of Dr. G.'s report on April 6, 1999, and the time Claimant actually began light duties for Employer on July 6, 1999. Accordingly, so much of the Workers' Compensation Court's order which denies TTD benefits for that period is VACATED. The remainder of the order is SUSTAINED.

¶ 18 SUSTAINED IN PART, VACATED IN PART AND REMANDED to the Workers' Compensation Court for further action consistent with this opinion.

¶ 19 ADAMS, J., and JOPLIN, J., concur.